**Shahriar KAVEH–HAGHIGY and Sasan Kaveh-Haghigy, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 85–7187.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 1985.[*]

Decided Jan. 6, 1986.

Designated For Publication March 6, 1986.

As Amended March 31, 1986.

---

*\* The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 3(f) and Fed.R.App.P. 34(a).*

**1322**

John Garrisi, Los Angeles, Cal., for petitioners.

Mark C. Walters, Washington, D.C., for respondent.

Before SNEED, KENNEDY and BOOCHEVER, Circuit Judges.

PER CURIAM:

Petitioners seek review of an order of the Board of Immigration Appeals denying a request for reopening of deportation proceedings to claim asylum. We deny the petition.

## I.

### FACTS

The petitioners are two brothers, natives and citizens of Iran. They arrived in the United States in 1979 on nonimmigrant student visas. Because they violated the terms of their visas, the INS began deportation proceedings against them. The Board of Immigration Appeals entered a final order of deportation on June 10, 1982. Although the immigration judge specifically asked the petitioners' attorney if he wished to raise a claim for asylum, he declined to do so.

On January 31 and February 2, 1984, petitioners filed motions to reopen their deportation proceedings to apply for asylum and withholding of deportation. Their

1. *See generally INS v. Stevic,* 467 U.S. 407, 104 S.Ct. 2489, 2496–2501, 81 L.Ed.2d 321 (1984) (discussing the requirements for relief under

motions were denied. This case is an appeal from that denial. They do not (and cannot) challenge the merits of the earlier deportation proceeding. Petitioners offer two reasons why they should receive asylum. They fear that if they return to their native country, they will have to serve in the Iranian army in the war against Iraq. They also fear that they will face persecution because of their stay in America.

## II.

### STATUTORY BACKGROUND [1]

When an alien seeks to avoid deportation because he fears political persecution, he can raise claims under either of two statutes. The first of these statutes is section 208(a) of the Refugee Act of 1980, 8 U.S.C. § 1158(a) (1982); the second is section 243(h) of the Immigration and Nationality Act, *id.* § 1253(h).

Under section 208(a), the Attorney General *may* grant asylum to an alien if he establishes a "well-founded fear of persecution." Under section 243(h), the Attorney General *must* grant relief from deportation if the alien establishes a "clear probability of persecution." Because section 243(h) raises a higher burden of proof, any alien who meets that standard automatically meets the section 208(a) standard.

## III.

### STANDARD OF REVIEW

■ Because these petitioners invoke these provisions through motions to reopen, the government's actions are reviewed under a more lenient abuse of discretion standard. *See INS v. Rios-Pineda,* — U.S. ——, 105 S.Ct. 2098, 2102, 85 L.Ed.2d 452 (1985). It is clear that the INS can refuse to reopen the proceedings if the alien fails to establish a prima facie case under either of the two standards. *See, e.g., Samimi v. INS,* 714 F.2d 992, 995 (9th Cir.1983) (by implication).

§§ 208(a) and 243(h) ); *Bolanos-Hernandez v. INS,* 749 F.2d 1316, 1319 (9th Cir.1985) (same).

## IV.

## ANALYSIS

The INS claims that the motions to reopen were properly denied for two reasons: first, the motions failed to present any evidence that was not available at the time of the earlier hearing; second, the motion did not present a prima facie case for either asylum or withholding of deportation.

 The second of these arguments is sufficient for our decision. In evaluating petitioners' claims, we must remember that petitioners cannot rely on "speculative conclusions or vague assertions." *Maroufi v. INS,* 772 F.2d 597, 599 (9th Cir.1985). They must allege specific facts that illuminate the hardships they face rather than the difficulties of their entire nation. *See id.* Even petitioners admit that being drafted to serve in the Iranian army does not amount to persecution. They argue, however, that the Khomeini government is conducting an illegal, revolutionary war that makes military service tantamount to persecution of all young males in the country. We reject this claim. Absent exceptional circumstances, it is not the place of the judiciary to evaluate the political justifications of the actions of foreign governments. *Cf. Banco Nacional de Cuba v. Sabbatino,* 376 U.S. 398, 416–37, 84 S.Ct. 923, 934–45, 11 L.Ed.2d 804 (1964) (discussing the "act of state" doctrine).

The second basis of petitioners' asylum claims is the hatred of Iranians for Americans. They assert that Iranians will persecute them because of their long stay in this country. This claim fails for several reasons. First, it is notably unspecific. Petitioners allege no threats against them based on their period of domicile in this country. Nor do they give specific examples of Iranian citizens who upon return to Iran have been persecuted solely because of their United States residency. More basically, this type of claim cannot possibly justify asylum. If it did, *every* citizen of a country unfriendly to the United States would be entitled to asylum.

Because the petitioners have not presented any specific facts that should have led the immigration officials to withhold deportation or grant asylum, the petition for review is denied.