9 F.3d 1552
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Abdolmajid MOGHADAM-FALAHI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70490.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1993.*
Decided Oct. 22, 1993.
 
 Before BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Abdolmajid Moghadam-Falahi, a native and citizen of Iran, petitions pro se for review of the Board of Immigration Appeals' dismissal of his appeal from an immigration law judge's decision finding him deportable as charged and denying his application for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 182(a) & 1254(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 Moghadam-Falahi contends that the Board of Immigration Appeals ("B.I.A.") erred in dismissing his appeal from the immigration law judge's denial of his application for asylum. We disagree. We must affirm the B.I.A.'s determination that an alien is ineligible for asylum unless the alien shows that the evidence he presented "was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Immigration and Naturalization Serv. v. Elias-Zacarias, 112 S.Ct. 812, 817 (1992). The alien must demonstrate that his fear of persecution is based on race, religion, nationality, membership in a social group, or political opinion. Id. at 815.
 
 
 4
 At best, Moghadam-Falahi has proven that he was imprisoned several times for up to three days each time for violating Iranian laws of general applicability. These violations included selling goods without a permit, violating the dress code, and failing to vote in an election. He is also afraid that despite completing his term of military service in the Iranian army, he may be forced to serve another term. Finally, he fears that the mere fact that he sought asylum in the United States may result in punishment should he return to Iran.
 
 
 5
 None of the above-described situations demonstrate a fear of persecution based on race, religion, nationality, membership in a social group, or political opinion. See 8 U.S.C. § 101(a)(42); see also, e.g., Abedini v. Immigration and Naturalization Serv., 971 F.2d 188, 191 (9th Cir.1992) (prosecution for violating laws of general applicability do not constitute grounds for asylum); Kaveh-Haghigy v. Immigration and Naturalization Serv., 783 F.2d 1321, 1323 (9th Cir.1986) (military service and persecution because of residence in U.S. not grounds for asylum). Because a reasonable factfinder could find that Moghadam-Falahi did not have a well-founded fear of persecution rooted in any of above grounds, the B.I.A. properly dismissed his appeal. See Elias-Zacarias, 112 S.Ct. at 817.
 
 
 6
 Moghadam-Falahi further contends that his due process rights were violated because the immigration law judge improperly considered an unsolicited letter alleging that Moghadam-Falahi was working illegally and forged documents in support of his asylum petition. We disagree. If a court states on the record that it excluded certain information from consideration, a reviewing court must take that statement at face value. Cf. Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir.) (discussing unsolicited letters in the sentencing context), cert. denied, 493 U.S. 942 (1989). Here, after informing the parties of the existence of this letter, the immigration judge stated clearly on the record that he would not consider the unsolicited letter in making his determination. Accordingly, Moghadam-Falahi's due process rights were not violated.[1]
 
 
 7
 Because Moghadam-Falahi fails to demonstrate that no reasonable factfinder could fail to find the requisite fear of persecution based on his race, religion, political opinion or membership in a social group, and because the immigration judge properly excluded the unsolicited letter from consideration, the petition for review is denied.
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Moghadam-Falahi contends that the introduction of this letter so intimidated him that he was unable to produce two summonses by the Iranian police. We agree with the B.I.A. that even if these documents were admitted, the immigration law judge properly denied his petition for asylum because Moghadam-Falahi still would not have established a well founded fear of persecution rooted in any of the permissible grounds