21 F.3d 1111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Prem CHAND, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70538.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 8, 1994.
Decided April 5, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Prem Chand (Chand) appeals the Board of Immigration Appeals' (BIA) denial of his application for asylum and withholding of deportation. The parties are familiar with the facts so we need not restate them here.
 
 DISCUSSION
 
 3
 A. Past Persecution.
 
 
 4
 Chand was assaulted by Fijian military personnel one Sunday in June, 1987. The BIA's determination that this incident did not constitute past persecution is supported by the record. Chand admitted he was stopped by military personnel because he was violating a Sunday work curfew. Chand does not contend the Sunday work curfew was not applied to all Fijians, and thus, we assume it was. An alien may not assert punishment or prosecution for violation of a law applicable to all people in the country rises to the level of persecution. See Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992) (prosecution for distributing films and videos is not persecution).
 
 
 5
 Additionally, the incident did not rise to the level of persecution. Isolated incidents or random occurrences indicative of general upheaval in the country are not sufficient to establish a well-founded fear of persecution. Sanchez-Trujillo v. INS, 801 F.2d 1571, 1581 (9th Cir.1986); Florez-DeSolis v. INS, 796 F.2d 330, 335 (9th Cir.1986). Because singular incidents of violence and threats are insufficient to establish well-founded fear of persecution, they are likewise insufficient to rise to the level of past persecution. Thus, we agree with the BIA's determination that Chand has not shown past persecution.
 
 
 6
 B. Well-Founded Fear of Future Persecution.
 
 
 7
 A decision that the applicant lacks a well-founded fear of persecution "can be reversed only if the evidence presented [by the applicant] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." INS v. Elias-Zacarias, 112 S.Ct. 812, 815 (1992). In other words, the evidence, must be "so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." Id. at 817. Chand's showing simply does not meet this test.
 
 
 8
 Chand relies on incidents of alleged past persecution of himself and family members to establish a well-founded fear of future persecution. As noted above, the incident in which Chand was assaulted by military personnel does not rise to the level of persecution. Further, the incident in which Chand's brother was assaulted by military personnel does not rise to the level of persecution either; the assault, like the assault on Chand, was nothing more than a singular isolated incident. Although the incident in which Chand's uncle was beaten and his property confiscated may rise to the level of persecution, as the BIA pointed out, Chand failed to show a nexus between that incident and the military's alleged objective to persecute him. Proof of a nexus between the assault on Chand's brother by military personnel and any objective to persecute Chand is also lacking. All the incidents offered by Chand point to general upheaval in the country, but none were shown to be more than random acts. As such, they do not support Chand's claim of a well-founded fear of persecution.
 
 
 9
 Finally, Chand's claim that the Fijian military has an "inclination to persecute" Indo-Fijians is insufficient to establish a well-founded fear of persecution. Evidence of generalized discrimination against Indo-Fijians, absent "credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution," is not enough to support eligibility for asylum. See Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (quotation omitted). Particularized individual persecution, and not merely conditions of discrimination in the country of deportation, must be shown before asylum will be granted. See, e.g., Martinez-Romero v. INS, 692 F.2d 595, 595-96 (9th Cir.1982) (general conditions in El Salvador did not, absent particularized circumstances, warrant relief from deportation); Kaveh-Haghigy v. INS, 783 F.2d 1321, 1323 (9th Cir.1986) (general allegations of persecution resulting from political climate of a nation did not warrant relief from deportation). This court has held "evidence should be specific enough to indicate that the alien's predicament is appreciably different from the dangers faced by the alien's fellow citizens." Vides-Vides v. INS, 783 F.2d 1463, 1469 (9th Cir.1986) (emphasis added). The evidence Chand offers merely indicates his predicament is the same as his fellow citizens. Because Chand offers no specific, objective facts that he faces persecution and instead makes only general allegations that the Fijian military is inclined to persecute Indo-Fijians, he has failed to establish a well-founded fear of future persecution.
 
 
 10
 C. Withholding of Deportation.
 
 
 11
 Since Chand failed to show he was qualified for a grant of asylum, he necessarily fails to qualify for withholding of deportation. See DeValle v. INS, 901 F.2d 787, 793 (9th Cir.1990).
 
 
 12
 Petition for review DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3