21 F.3d 1112
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mohinesh DUTT; Vimlesh Dutt, Bimla Wati Dutt; Muneshwar
Dutt, Petitioners,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70585.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 8, 1994.*
Decided April 5, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Muneshwar Dutt[1] (Dutt) appeals the Board of Immigration Appeals' (BIA) denial of asylum. The parties are familiar with the facts so we need not restate them here.
 
 DISCUSSION
 
 3
 A. Incorrect Legal Standard.
 
 
 4
 Dutt argues the BIA applied an incorrect legal standard when reviewing the Immigration Judge's (IJ) decision. During his hearing, Dutt stated that he did not fear persecution when he left Fiji. Based on this statement, the BIA could conclude he did not have the subjective fear of persecution necessary to establish a well-founded fear of persecution at the time he left Fiji. If he now has a well-founded fear of persecution, it must necessarily have developed after he left Fiji when his subjective fear of persecution developed. Thus, the BIA's statement that Dutt's claim "must be based on what happened to his country subsequent to his departure" is not a statement of an incorrect legal standard. It is a conclusion following application of the proper analytical framework.
 
 
 5
 If the BIA had refused to consider any incidents that occurred before Dutt left Fiji, then perhaps he would have some support for his position that the BIA applied an incorrect standard. However, the BIA did consider events preceding his departure when it noted:
 
 
 6
 Moreover, the only incidents that the respondent complained of was a military check on him on one occasion, and that ethnic Fijians on 3 occasions demanded money and food from his family. Neither of these instances can be considered persecutory in nature, but are the consequences of a country undergoing political and social strife.
 
 
 7
 The standard actually applied by the BIA was that Dutt had failed to establish "the reasonable likelihood of being singled out for persecution." We hold the BIA applied the correct legal standard. See Matter of Mogharrabi, Int.Dec. 3028 at 3 (BIA 1987) (quoting INS v. Stevic, 467 U.S. 407, 424-25 (1984)).
 
 
 8
 B. Substantial Evidence.
 
 
 9
 The BIA's decision that Dutt lacks a well-founded fear of persecution can be reversed only if the evidence presented "was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." INS v. Elias-Zacarias, 112 S.Ct. 812, 815 (1992). In other words, the evidence must be "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id. at 817. Dutt's showing does not meet this standard.
 
 
 10
 Dutt offers three categories of evidence to support his claim of well-founded fear of persecution: 1) three occasions on which native Fijians demanded money and food; 2) three regular checks by the military, one occurring before his departure and two after; and 3) an incident in which native Fijians stole crops and a bullock and threatened his step-daughter and son-in-law to remain in the house or be killed. However, Dutt offers no direct evidence that any of these incidents were a result of his alleged persecutors' motives to persecute him individually because of his religious or political beliefs. Particularized individual persecution, not merely conditions of discrimination in the country of origin, must be shown before asylum will be granted. Kaveh-Haghigy v. INS, 783 F.2d 1321, 1323 (9th Cir.1986). We find the incidents Dutt offers in support of his claim for asylum fail to demonstrate particularized persecution.
 
 
 11
 C. Administrative Notice.
 
 
 12
 Dutt's reliance on Castillo-Villagra v. INS, 972 F.2d 1017 (9th Cir.1992), for the proposition that the BIA committed prejudicial error by taking administrative notice of the State Department's Country Reports on Human Rights Practices for 1991 is misplaced. In that case, the BIA relied solely on the facts administratively noticed without giving notice of its intention to do so. Id. at 1023. In Dutt's case, there was ample evidence to support the BIA's decision, even without the 1991 report. Further, the 1988 report was already in the record and had been subject to challenge by Dutt.
 
 
 13
 The BIA's use of the State Department's 1991 report was not erroneous, even though it was not in the record. The BIA did not rely on the 1991 report in making its decision, but used it to determine if conditions had changed in the two years since Dutt left the country. Any error in considering the report was harmless since the BIA did not rely on it in making its decision, which is well supported in the record.
 
 
 14
 Petition for review DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Muneshwar Dutt is the principal petitioner in this case. He is joined in his asylum application by his wife, Bimla Wati Dutt, and their two children, Mohinesh and Vimlesh Dutt. Because the asylum claims of Mr. Dutt's wife and children are derivative of Mr. Dutt's claim, all the claims are referred to herein as the singular claim of Mr. Dutt