29 F.3d 630
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Walter CATALAN-MENDEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70127.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 3, 1993.*
Decided June 22, 1994.
 
 1
 Before: BRUNETTI, KOZINSKI and BOGGS,** Circuit Judges.
 
 
 2
 MEMORANDUM***
 
 
 3
 The Board of Immigration Appeals dismissed petitioner's appeal from a decision of an Immigration Judge (IJ) finding him deportable for entering the United States without inspection, in violation of 8 U.S.C. Sec. 1251(a)(1)(b), and denying his request for asylum and withholding of deportation. We AFFIRM the decision of the board.
 
 
 4
 In his pro se brief, petitioner contends that he will be persecuted on account of his political opinions in his native Guatemala because of his refusal to be inducted into the military. He further contends that he has a well-founded fear of persecution based on his political opinion. He thus seeks political asylum under 8 U.S.C. Sec. 1158. In the alternative, he claims eligibility for withholding of deportation under 8 U.S.C. Sec. 1253(h).
 
 
 5
 Petitioner's claim starkly presents the question of whether being subjected to apprehension, prosecution, or punishment for evading conscription constitutes persecution on account of political opinion. In the recent case of I.N.S. v. Elias-Zacarias, 112 S.Ct. 812 (1992), the Supreme Court has decided almost this exact question. In the context of petitioner's native country, Guatemala, the Supreme Court held that fear of conscription into a guerrilla army, and fear of punishment for failure to submit to such conscription did not amount to persecution on account of political opinion. It would seem to follow almost a fortiori that the potential for punishment for resisting conscription by the lawfully recognized government of the country could not constitute persecution for political opinion. The IJ found, and the BIA found no reason to overturn, that petitioner's experiences with the local authorities concerning the conscription system and his refusal to submit to it were in no way peculiar to him personally, nor related to any characteristic of his other than his status as a resister of the draft. In his sketchy pro se brief, petitioner does not contend otherwise.
 
 
 6
 Elias-Zacarias is merely the capstone of a consistent course of Ninth Circuit opinions holding that conscription, and punishment for refusing conscription, does not constitute persecution that is relievable under the Immigration Act. Castillo v. I.N.S., 951 F.2d 1117, 1122 (9th Cir.1991); Rodriguez-Rivera v. I.N.S., 848 F.2d 998, 1005 (9th Cir.1988); Sanchez-Trujillo v. INS, 801 F.2d 1571, 1576-77 (9th Cir.1986); Kaveh-Haghigy v. I.N.S., 783 F.2d 1321, 1323 (9th Cir.1986); Zepeda-Melendez v. I.N.S., 741 F.2d 285, 289-90 (9th Cir.1984). Thus, petitioner is not eligible for withholding of deportation because of a "clear probability" of persecution, I.N.S. v. Stevic, 467 U.S. 407, 430 (1984), nor is he entitled to a granting of asylum under the less stringent "well-founded fear" of persecution standard, Cardoza-Fonseca v. I.N.S., 480 U.S. 421 (1987). The decision of the BIA is therefore AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Danny J. Boggs, United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3