42 F.3d 1400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alfonso Rutilio JUAREZ; Azyadee Orgonez De Juarez; Alfonso
Rutilio Juarez, Jr.; Emilio Antonio Juarez;
Erick Antonio Juarez, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70373.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 3, 1994.*
Decided Nov. 17, 1994.
 
 Before: CANBY, LEAVY, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Alfonso Juarez[1] (Juarez) appeals the BIA's denial of his request for asylum or withholding of deportation. He also argues that the BIA violated his due process rights by taking administrative notice of the changed conditions in Nicaragua without giving him notice. We deny the petition for review.
 
 DISCUSSION
 A. Denial of Asylum
 
 3
 The immigration judge (IJ) held that Juarez failed to present objective evidence to support his assertion that he has a well-founded fear of persecution. Juarez challenges this conclusion and offers three grounds to support his fear of persecution.
 
 
 4
 First, Juarez contends that he fears Alfonso, Jr., would have to serve in the military and that he would be punished for helping Alfonso, Jr., flee military service. As the BIA noted, there is a "long-standing rule that it is not persecution for a country to ... require military service of its citizens." Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). An exception to this rule applies "where a disproportionately severe punishment would result." Id. There is no evidence that Alfonso, Jr., will be disproportionately punished for avoiding military service. Nor is there any evidence that Juarez will be subject to any punishment because he aided Alfonso, Jr., in fleeing. Moreover, even if he were to be punished for aiding Alfonso, Jr., there is no evidence such punishment would be any different than that "applicable to all people in that country" who offer assistance to someone fleeing military service. Id. Consequently, avoidance by Alfonso, Jr., of military service cannot be an objectively reasonable basis to support Juarez's fear of persecution.
 
 
 5
 Second, Juarez contends that he fears persecution because his sister was detained on two occasions in 1980 for her affiliation with a supporter of Somoza. However, as the IJ noted, there is no evidence that Juarez was singled out or targeted for persecution because of his relationship with his sister. In fact, Juarez remained in Nicaragua for five years after his sister's detention without incident. Consequently, his sister's detention in 1980 cannot support an objectively reasonable fear of persecution.
 
 
 6
 Finally, Juarez contends that he was pressured at work to carry arms and that neighbors disturbed him in his home. According to Juarez, this harassment was a result of his political neutrality during the Sandinista conflict. However, nothing suggests that this harassment was a consequence of anything other than the general political climate of the nation. Juarez fails to "allege specific facts that illuminate the hardships [he faces] rather than the difficulties of [his] entire nation." Kaveh-Haghigy v. INS, 783 F.2d 1321, 1323 (9th Cir.1986). Thus, his assertion that he was harassed because of his political neutrality is nothing more than a general allegation of persecution resulting from the political climate of Nicaragua.
 
 
 7
 None of the reasons offered by Juarez to support his fear of persecution establish that he will be persecuted in the future; nor do they establish that he will be persecuted because of his race, religion, nationality, or membership in a particular social group, or political opinion as required by 8 U.S.C. Sec. 1101(a)(42)(A). Thus, we affirm the BIA's denial of asylum.
 
 B. Denial of Withholding of Deportation
 
 8
 To demonstrate eligibility for withholding of deportation under Sec. 1253(h)(1), Juarez "must establish a clear probability of persecution." INS v. Stevic, 467 U.S. 407, 413 (1984). This standard requires that "an application be supported by evidence establishing that it is more likely than not that the alien would be subject to persecution...." Id. at 429-30. Because the standard for withholding of deportation is higher than the standard for a grant of asylum, and Juarez failed to meet the lower standard for a grant of asylum, we affirm the BIA's denial of Juarez's request for withholding of deportation.
 
 C. Administrative Notice
 
 9
 Juarez, relying on our decision in Castillo-Villagra v. INS, 972 F.2d 1017 (9th Cir.1992), argues that the BIA violated his due process rights by taking administrative notice of changed circumstances in Nicaragua which were not in the administrative record. We find this claim to be meritless. Contrary to Juarez's assertion, the BIA in this case did not take administrative notice of the changed conditions in Nicaragua. The BIA specifically stated that it "will evaluate the asylum claim on the basis of the evidence before the immigration judge at the time of his decision." The BIA reasoned that it would not consider evidence outside the administrative record absent a motion to reopen. Thus, unlike the BIA in Castillo-Villagra which considered only those facts of which it took administrative notice, the BIA in Juarez's case considered only evidence in the administrative record.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Juarez is the principal petitioner in this case. He is joined in his asylum application by his wife and their three sons. Because their asylum claims are derivative of Juarez's claim, we refer to all claims as the singular claim of Juarez