46 F.3d 1138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dev ANAND; Sheetal Anand; Arachana Anand, Petitioners,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70872.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1994.*
Decided Jan. 24, 1995.
 
 Before: WALLACE, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dev Anand, an ethnic Indian citizen of Fiji, and his two daughters petition for review of a decision of the Board of Immigration Appeals ("Board") upholding the Immigration Judge's ("IJ") denial of their application for asylum and withholding of deportation. The Board concluded that the Anands failed to demonstrate past persecution or a well-founded fear of persecution on account of race, nationality, religion, or political opinion. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a). We deny the petition.
 
 
 3
 * Section 208(a) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1158(a) authorizes the Attorney General, in her discretion, to grant asylum to an alien who is a refugee. The Act defines a refugee as an alien who is unable or unwilling to return to his or her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. Sec. 1101(a)(42)(A).
 
 
 4
 A well-founded fear of persecution has both objective and subjective components. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). The objective inquiry "requires a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution on the relevant ground." Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994) (internal quotations and citations omitted).
 
 
 5
 We review the Board's denial of asylum eligibility for substantial evidence. Estrada-Posadas, 924 F.2d at 918; 8 U.S.C. Sec. 1105a(a)(4). Under this deferential standard, we will reverse the Board's determination that an alien has failed to prove a well-founded fear of persecution only if the evidence is "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 112 S.Ct. 812, 817 (1992).
 
 II
 
 6
 The Anands initially object to the IJ's negative credibility findings and the IJ's failure to consider the State Department's Country Report for 1988 submitted in support of the Anands' petition. These contentions are without merit. We review only the order of the Board, not the decision of the IJ. Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988). Here, the Board did not find Dev Anand's testimony incredible. Rather, it concluded that the Anands did not prove past persecution or a well-founded fear of future persecution. Also, the Board did consider the Country Report.
 
 III
 
 7
 The Anands next argue that the Board's decision that they failed to prove past persecution or a well-founded fear of persecution was not supported by substantial evidence. We disagree.
 
 
 8
 Dev Anand testified to the following: (1) his brother and sister-in-law were detained and threatened by the Fijian Military; (2) ethnic Indians are the subjects of robberies and physical harm; (3) ethnic Indians in Fiji are discriminated against by ethnic Fijians who control the government; (4) he found it difficult to practice his religion and was once forced to remain in a temple because ethnic Fijians were throwing rocks at the temple and at people outside; (5) ethnic Indians are denied basic medical treatment in Fiji; (6) his daughters were deprived of educational opportunities; and (7) the cost of living in Fiji is high and it is difficult for ethnic Indians to find employment.
 
 
 9
 Even accepting all of Dev Anand's testimony as credible, we agree with the Board that none of it demonstrates the requisite past persecution or well-founded fear of future persecution necessary to establish eligibility for asylum. Anand presented no evidence that the government of Fiji ever took any action against or had any interest in him or his family. Dev Anand himself had never been arrested, detained, or harmed in Fiji. Particularized individual persecution, not merely conditions of discrimination, must be shown before asylum will be granted. Sanchez-Trujillo v. INS, 801 F.2d 1571, 1574 (9th Cir.1986); Kaveh-Haghigy v. INS, 783 F.2d 1321, 1323 (9th Cir.1986).
 
 
 10
 The attack on Anand's brother provides no support unless Anand could show "a pattern of persecution closely tied to" him. Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir.1991). Anand failed to demonstrate any pattern. In addition, Anand was unable to establish that the attack was carried out on account of his brother's race or political views.
 
 
 11
 Anand's claims of general unrest and discrimination against ethnic Indians are not sufficient grounds for asylum. See Arteaga v. INS, 836 F.2d 1227, 1232 (9th Cir.1988). Anand's claims regarding the lack of economic and educational opportunities are also insufficient. Asylum must be based on something more than "generalized economic disadvantage." Raass v. INS, 692 F.2d 596, 596 (9th Cir.1982). Anand's claim of a lack of medical treatment resources fails for lack of support.
 
 
 12
 Finally, the allegations of restrictions on his religious freedom are insubstantial. Anand does not demonstrate that the attack on the temple was directed at him, or that it was more than general civil unrest. The Country Report indicates that freedom of religion is guaranteed and "honored in practice" and that the human rights situation in Fiji had "improved substantially."
 
 
 13
 Anand further submitted documentary evidence that purportedly shows that Fijians who live in the United States could be subject to detention upon return to Fiji. He does not, however, show that he would be among that group. This vague, unspecific information does not establish a well-founded fear of future persecution.
 
 
 14
 Dev Anand finally argues that an applicant can support an asylum claim based solely on his or her own testimony. He is correct. The Board is not obligated, however, to grant asylum merely because an applicant testifies--even if that testimony is credible. Here, the Board concluded that Anand's testimony did not establish past persecution or an objectively well-founded fear of future persecution. The record contains no specific substantiated allegation of threats or action by the Government against the Anands. When asked if, upon return to Fiji, he thought that he would be treated differently than any other ethnic Indian, Dev Anand answered, "I don't think so." Notwithstanding the economic and social difficulties the Anands, as ethnic Indians, confront in Fiji, they have shown neither individualized persecution nor a pattern of persecution that could be tied to them. The Board's determination is supported by substantial evidence, and we will not disturb it.
 
 
 15
 Because the Anands failed to demonstrate the requisite fear of persecution required for asylum, it follows that they cannot meet the more stringent standard for withholding of deportation. DeValle v. INS, 901 F.2d 787, 793 (9th Cir.1990).
 
 
 16
 Thus, the petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3