70 F.3d 1280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mariusz SUDNIKOWSKI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70685.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1995.*
Decided Dec. 1, 1995.
 
 Before: WRIGHT, FERNANDEZ and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner argues that the Immigration Judge erred in his understanding of various factual details. We need not decide whether the IJ erred. The Board of Immigration Appeals reviewed the IJ's decision de novo, so we review the BIA's decision, not the IJ's. Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988); Acewicz v. INS, 984 F.2d 1056, 1059 (9th Cir.1993).
 
 
 3
 Petitioner next argues that the BIA decided his case without sufficient individualization, on the basis of administrative notice that Polish refugees had nothing more to fear from the Communists since Solidarity gained power. We do not read the BIA decision as mere reliance on the Country Report. The BIA opinion reflects that the Country Report was used to evaluate whether past Communist dominance gave rise to a well founded fear of persecution based on the particulars of petitioner's claim. This was an appropriate use by the BIA of the Country Report. Kazlauskas v. INS, 46 F.3d 902, 906 (9th Cir.1995).
 
 
 4
 Petitioner argues that the BIA should have granted his petition, because the Country Report showed that the Communists retained significant power in the Polish government, and also because he was denied Due Process because the IJ took notice of a Country Report which the IJ and the petitioner received on the day of the hearing. We reject the argument that petitioner should have had a longer time between when the Country Report was proffered and when he had to address it. When the government proffered the Report, petitioner's attorney was asked if she had any objection, and replied, "No, I don't." Retained Communist power might give rise in some cases to a well founded fear, see Castillo-Villagra v. INS, 972 F.2d 1017 (9th Cir.1992), but unlike petitioner in Castillo-Villagra, petitioner here had a fair chance to demonstrate his case, and did not. Because petitioner had a fair chance to present his case on the effects if any of the change of government in Poland, the BIA did not abuse its discretion in taking account of the changes. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993).
 
 
 5
 Petitioner also argues that his evidence demonstrated that the retained power of the Communists still gave rise to a well founded fear, despite the change of government. The BIA weighed petitioner's slight evidence for persecution of Solidarity supporters and Catholics against the substantial evidence against it, and found it greatly outweighed. Petitioner did not make it clear why being a Roman Catholic would prevent him from serving in the military. The military visits to his home are adequately explained by his admitted failure to report for duty as required by law, and do not demonstrate persecution. Petitioner's freedom to travel to Bulgaria, Germany and the United States, and his failure to seek asylum on his visit to Germany, weighed against his claimed fear of persecution on account of his anti-Communist and pro-Solidarity political opinions.
 
 
 6
 Petitioner argues that if he is sent back to Poland, he will have to serve five years in the military instead of the standard two years, that his service will be in a less desirable assignment, and that the difference will be persecution for his political views. The BIA rejected this contention on the ground that the record did not support it. Petitioner testified that he believed he would be punished in this way by the military, but as the INS argues, his belief was mere speculation, and a contrary inference could be drawn from his untroubled five months in Poland after he left school. The INS pointed out in cross examination that the government knew of petitioner's Solidarity activities for several years, yet did not do anything of what he claims to fear, and that there was a military checkpoint at the airport through which he passed unimpeded on his departure for the United States. Petitioner's speculation does not vitiate the substantial basis on the whole record for the BIA's conclusion. Kaveh-Haghigy v. INS, 783 F.2d 1321, 1323 (9th Cir.1986).
 
 
 7
 The Board's denial of asylum or withholding of deportation is reviewed for abuse of discretion, and must be upheld if supported by reasonable, substantial, and probative evidence in the record. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992); Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995). Factual findings underlying the decision, including whether the alien has proved a well founded fear of persecution, are reviewed for substantial evidence. Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995). The Board's determination should be reversed "only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Elias-Zacarias, 502 U.S. at 481. There was substantial evidence in the record supporting the BIA's decision.
 
 
 8
 The BIA's see also citation to Kubon v. INS, 913 F.2d 386 (7th Cir.1990), does not demonstrate, as petitioner urges, that it "relied" on Kubon. The Kubon case was among those holding that the change of government in Poland could be found by the INS to have obviated fear of persecution by the Communists. The BIA gave individualized consideration to petitioner's claim, and did not merely rely on Kubon and other cases to deny the petition.
 
 
 9
 The petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3