73 F.3d 369
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Noha Filomena MOLINARES, Baez De; Carlos Alfonso
Molinares-Mairena; Martha Noha Molinares-Baes, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70516.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 8, 1995.*
Decided Dec. 13, 1995.
 
 Before: PREGERSON, BRUNETTI, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Noha Molinares Baez de Molinares and her daughter, Martha Noha Molinares-Baes (individually and jointly "Molinares"), natives and citizens of Nicaragua, petition for review of the decision of the Board of Immigration Appeals ("BIA") denying their applications for asylum or, alternatively, withholding of deportation under 8 U.S.C. Secs. 1158 and 1253 (sections 208(a) and 243(h) of the Immigration and Nationality Act ("the Act")). We have jurisdiction under 8 U.S.C. Sec. 1105(a), and we deny the petition.
 
 
 3
 The BIA did not abuse its discretion in finding Molinares had "not suffered the substantial economic disadvantage which can constitute persecution." Molinares acknowledged that she was able to continue her work as a meat-seller even without a license, and that she was able to buy food on the black market, albeit with difficulty. The denial "of such perquisites as discounts on food and a special work permit" does not establish persecution for purposes of asylum. Saballo-Cortez v. INS, 761 F.2d 1259, 1264 (9th Cir.1984) (citing Raass v. INS, 692 F.2d 596, 596 (9th Cir.1982), for the proposition that asylum relief depends on something more than generalized economic disadvantage at the destination); Ubau-Marenco v. INS, 67 F.3d 750, 755 (9th Cir.1995) (seizure of family property did not constitute persecution where petitioner's family continued to operate profitable business).
 
 
 4
 Molinares' claims regarding graffiti-vandalism do not raise her claims to the level necessary to warrant relief on the basis of past persecution alone. See Kazlauskas v. INS, 46 F.3d 902, 906-07 (9th Cir.1995) (holding that BIA did not abuse its discretion in concluding harassment does not warrant discretionary grant of asylum).
 
 
 5
 Moreover, Molinares established no objective basis for her claims that she was singled out for her political beliefs. Molinares testified her business license was not renewed because she refused to go to meetings, but alleged the true reason for the failure to renew was her late father's political connections. She acknowledged this was only her own belief. She also acknowledged she did not know who painted the slogans on her house. Mere speculation as to the motives for alleged acts of persecution will not suffice to establish persecution on the basis of the statute; petitioners must make an objective showing to prevail. Kaveh-Haghigy v. INS, 783 F.2d 1321, 1323 (9th Cir.1986).
 
 
 6
 Molinares claims that in spite of the change in government in Nicaragua, she continues to have reason to fear the Sandinistas. However, she offers no specific objective reasons to substantiate her fears. Generalized evidence of instability does not establish fear of persecution. See, e.g., Mendez-Efrain v. INS, 813 F.2d 279, 282 (9th Cir.1987). Past acts of violence to family members do not establish a well-founded fear of persecution unless petitioner can show a "pattern of persecution closely tied to [herself]." Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir.1991) (internal citations omitted). Molinares failed to establish such a pattern.
 
 
 7
 Because Molinares failed to establish a well-founded fear of persecution or sufficient past persecution to merit a grant of asylum on that basis alone, we affirm the BIA's denial of asylum. Finally, as the standard for withholding of deportation is higher than the standard for grant of asylum, and as Molinares did not meet the lower standard, we hold that the BIA did not abuse its discretion in denying the application for withholding of deportation. Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993).
 
 
 8
 We also affirm the BIA's grant of voluntary departure.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3