81 F.3d 170
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose N. SOTO-GUTIERREZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70052.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1996.*
Decided March 25, 1996.
 
 1
 Before: CHOY, SNEED, and FERGUSON Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Jose Soto-Gutierrez, a Nicaraguan citizen, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's decision finding him deportable as charged and denying his applications for asylum and witholding of deportation. Soto-Gutierrez contends his desertion from the Ministry of the Interior and the limitations placed on his food ration card amount either to persecution or provide a well-founded fear of persecution entitling him to asylum.
 
 
 4
 The decision of the BIA is affirmed. Soto-Gutierrez did not present any evidence of past persecution because of a proscribed reason. See Desir v. Ilchert, 840 F.2d 723, 729 (9th Cir.1988). The Sandinistas never harmed, threatened, or punished Soto-Gutierrez during the five years he lived in Nicaragua following his desertion from the Ministry of the Interior. See id. Moreover, the limitations placed on Soto-Gutierrez's food ration privileges did not amount to past persecution under the Immigration and Nationality Act. 8 U.S.C. § 1101(a)(42)(A); See Saballo-Cortez v. INS, 761 F.2d 1259, 1264 (9th Cir.1985).
 
 
 5
 Soto-Gutierrez also failed to establish that he has a well-founded fear of persecution. Significant political changes have occurred in Nicaragua since Soto-Gutierrez's departure in 1987. Specifically, the Sandinista government was replaced by a new coalition government in 1990. See Kazlauskas v. INS, 46 F.3d 902, 906 n. 3 (9th Cir.1995). Moreover, Soto-Gutierrez did not show that the civil hardships existing in Nicaragua would be directed at him as an individual. See Kaveh-Haghigy v. INS, 783 F.2d 1321, 1323 (9th Cir.1986) (per curiam).
 
 
 6
 Because Soto-Gutierrez failed to establish either past persecution or a well-founded fear of persecution, the BIA properly denied Soto-Gutierrez's applications for asylum. See Acewicz v. United States INS, 984 F.2d 1056, 1062 (9th Cir.1993). Moreover, because Soto-Gutierrez could not meet the lower standard for asylum, the denial of his application for witholding of deportation was proper. See Kazlauskas v. INS, 46 F.3d 902, 907 (9th Cir.1995). AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3