81 F.3d 167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roberto J. AGUILAR-SALAZAR, et al., Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70775.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 15, 1996.*
Decided March 28, 1996.
 
 1
 Before: BEEZER and HAWKINS, Circuit Judges, and ZILLY, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Roberto Aguilar-Salazar, along with his wife and three children, natives and citizens of Nicaragua, petition for review of the decision of the Board of Immigration Appeals (BIA) denying their applications for asylum and withholding of deportation under 8 U.S.C. §§ 1158 and 1253. We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 4
 * Roberto Aguilar-Salazar ("Aguilar") entered the United States on June 9, 1988, on a non-immigrant visa valid for one year. He remained in the United States after his visa expired, and has never sought or obtained a visa extension. Aguilar's wife and three children entered the United States without inspection on or about April 14, 1989. Deportation proceedings commenced against each member of the Aguilar family through the execution of an Order to Show Cause.
 
 
 5
 At a deportation hearing, the petitioners conceded deportability but requested asylum and withholding of deportation or, in the alternative, voluntary departure. Aguilar[1] claims past persecution and a fear of future persecution based on (1) his membership and participation in the Constitutional Liberal Party, which opposed the Sandinista government; and (2) his stepfather's former role as an officer of the National Guard under former President Somoza. Petitioner claims he was warned repeatedly by the Sandinistas that he would be watched closely as a result of his association with his stepfather and was told that he would be jailed for an indefinite period if the Sandinistas found him engaging in "counterrevolutionary activities." Aguilar testified that when the local Sandinista Defense Committee (CDS) learned of his participation in a Labor Day march, the CDS reduced his allotment of rationed food by 50%. Petitioner also claims he was forcibly recruited to serve in the Nicaraguan military reserve. Aguilar fears reprisals by the Sandinistas despite the election in 1990 of Violeta Chamorro as president. He contends that the military controls Nicaragua, and the Sandinistas continue to control the military.
 
 
 6
 At the close of the hearing, the Immigration Judge (IJ) issued an oral decision denying Aguilar's request for asylum and withholding of deportation, but granting his request for voluntary departure. Petitioners filed a timely appeal with the BIA, which issued an order on October 25, 1994, dismissing the appeal. Aguilar timely petitions for review of the BIA's decision.
 
 II
 
 7
 We review the factual findings underlying the BIA's denial of asylum and withholding of deportation under the substantial evidence standard. Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). The Board's decision will be reversed only if the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).
 
 
 8
 An alien is eligible for asylum if he has suffered past persecution or has a well-founded fear of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). To establish eligibility for asylum based on a well-founded fear of persecution, asylum applicants must show both a genuine subjective fear of persecution and an objectively reasonable fear. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). An asylum applicant's credible testimony demonstrating a genuine fear of persecution satisfies the subjective component of the well-founded fear standard. Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992). "The objective component requires 'credible, direct and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution.' " Id. (quoting Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988)). The burden is on the applicant to establish his eligibility. Berroteran-Melendez, 955 F.2d at 1255.
 
 
 9
 To qualify for withholding of deportation, the asylum applicant must demonstrate a "clear probability of persecution." INS v. Stevic, 467 U.S. 407, 413 (1984). This standard is more stringent that the well-founded fear standard for asylum. Berroteran-Melendez, 955 F.2d at 1258.
 
 
 10
 The Board's finding of no past persecution is supported by substantial evidence. Neither forced military service nor reduction of food rations amounts to political persecution. Kaveh-Haghigy v. INS, 783 F.2d 1321, 1323 (9th Cir.1986) (per curiam); Saballo-Cortez v. INS, 761 F.2d 1259, 1264 (9th Cir.1985). Moreover, there is no evidence that Aguilar was detained or arrested, or beaten or physically harmed. Cf. Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988) (holding that detention combined with physical attacks can, in some circumstances, establish persecution).
 
 
 11
 There is also substantial evidence to support the Board's determination that Aguilar failed to show likelihood of persecution in the future. Aguilar's allegations that the Sandinista party is still in control are uncorroborated, and the petitioner has failed to offer any evidence of Sandinistas currently harming or imprisoning citizens for pre-election, anti-Sandinista activities. Upon review of the record, we cannot say that the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.
 
 
 12
 Because the Petitioner fails to satisfy the lower burden of proof required for asylum, he necessarily fails to meet the clear probability standard of eligibility for withholding of deportation. Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993).
 
 
 13
 PETITIONS DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Aguilar's wife and children are seeking derivative asylee status under 8 U.S.C. § 1158(c). Therefore, only the facts pertaining to the lead petitioner are discussed here