81 F.3d 167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bashar Abdulrahim BADER, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70449.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 6, 1996.*
Decided March 29, 1996.
 
 Before: SKOPIL, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bashar Aboulrahim Bader, a twenty-six-year-old Jordanian citizen of Palestinian descent, petitions for review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of his applications for asylum and withholding of deportation pursuant to Immigration and Naturalization Act (INA) §§ 208(a) and 243(h), 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction under 8 U.S.C. § 1105a. We conclude that substantial evidence supports the BIA's determination that Bader did not meet the definition of refugee in INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A), because he did not have a well-founded fear of future persecution by Jordanian authorities upon return to Jordan.
 
 
 3
 We do not set forth all of the facts relevant to Bader's petition because the parties are familiar with them. Because the BIA upheld the IJ's determination that Bader is a Jordanian citizen, it considered Bader's asylum application only as it relates to his return to Jordan. The BIA found that Bader did not have a well-founded fear of persecution by Jordanian authorities on account of one of the protected grounds.
 
 
 4
 Substantial evidence supports the BIA's conclusion that Bader's fear of involuntary conscription into the Jordanian military could not support his claim for asylum. A military service requirement, without more, does not amount to persecution. Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992); see also Kaveh-Haghigy v. INS, 783 F.2d 1321, 1323 (9th Cir.1986) (per curiam). Bader did not offer any evidence to suggest that Jordanian authorities will require him to join the military out of a persecutory motivation, or would punish his failure to comply on account of a protected ground. Absent such evidence, Bader's desire not to be conscripted is not a basis for asylum. See Castillo v. I.N.S., 951 F.2d 1117, 1122-23 (9th Cir.1991) (although refusal to perform military service on account of religious conviction may be a basis for refugee status, petitioner did not establish such belief; general objection to military conscription system or belief that system is absurd cannot support asylum claim).
 
 
 5
 Substantial evidence also supports the BIA's conclusion that Bader does not have a well-founded fear that Jordanian authorities will deport him to the West Bank territory of Israel, where he will be persecuted by Israeli authorities. At his hearing, Bader's only evidence regarding Jordan's deportation of West Bank Palestinians was his testimony that he knew other West Bank Palestinians who had been denied permission to reside in Jordan. He did not offer any evidence about Jordan's treatment of Palestinians who had lived in the West Bank, but are citizens of Jordan, or any specifics regarding the treatment of the Palestinians he knew. The IJ took judicial notice of the fact that thousands of Palestinians reside in Jordan, and the BIA found that "thousands of Palestinians reside there without evidence of persecution by the Jordanian Government." Because Bader has not offered any probative evidence to support his claim, substantial evidence supports the BIA's determination that he does not have a well-founded fear that Jordanian authorities will force him to return to the West Bank.
 
 
 6
 On appeal to this Court, Bader does not challenge the BIA's determination that he is a Jordanian citizen. We, like the BIA, therefore conclude that it is unnecessary to reach Bader's claim of future persecution in the West Bank territory of Israel.
 
 
 7
 Because Bader did not establish a well-founded fear of future persecution, the BIA properly denied his application for withholding of deportation. Section 243(h) required Bader to establish a clear probability of persecution, a standard higher than that required to establish a well-founded fear of persecution under section 208(a). See I.N.S. v. Stevic, 467 U.S. 407, 424 (1984).
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3