**Blerim TABAKU, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70049.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 2004.

Decided April 28, 2004.

the appeal to the Board." *Id.*

Marshall G. Whitehead, Esq., Phoenix, AZ, Monika Sud–Devaraj, Law Offices of Marshall G. Whitehead, P.C., Phoenix, AZ, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, Keith Bernstein, Washington, DC, for Respondent.

Before: T.G. NELSON, W. FLETCHER, and BERZON, Circuit Judges.

MEMORANDUM *

Blerim Tabaku, a Macedonian native of Albanian ethnicity, petitions for review of the Board of Immigration Appeals' (BIA) summary affirmance of an Immigration Judge's ("IJ") denial of his application for asylum. We deny the petition for review.

■ The government's contention that we lack jurisdiction to consider Tabaku's argument because he failed to exhaust it is without merit. The BIA adopted the conclusions of the IJ, including the IJ's resolution of the specific argument Tabaku makes to this court. Further, Tabaku did argue to the BIA that he had a well-founded fear of persecution "based on his family's experiences and the current conditions in Macedonia for ethnic Albanians." We therefore consider the argument sufficiently exhausted for our review. *See Socop–Gonzalez v. INS*, 272 F.3d 1176, 1186 (9th Cir.2001) (en banc); *see also Ladha v. INS*, 215 F.3d 889, 903 (9th Cir.2000) (BIA "had a full opportunity to resolve [the] controversy or correct its own errors before judicial intervention" (quotation marks and citation omitted)).

■ We conclude, however, that substantial evidence supports the BIA's decision on the issue Tabaku brings to this court. Tabaku has not demonstrated "credible, direct, and specific evidence in the record ... that would support [an objectively] reasonable fear of persecution." *Singh v. INS*, 134 F.3d 962, 966 (9th Cir.1998) (quotation marks and citation omitted). True, "acts of violence against a petitioner's friends or family

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

members may establish a well-founded fear, notwithstanding an utter lack of persecution against the petitioner herself." *Arriaga–Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir.1991). But "[w]e have required ... that this violence create a pattern of persecution closely tied to the petitioner. Allegations of isolated violence are not enough." *Id.* (citations omitted); *see also Kaveh–Haghigy v. INS*, 783 F.2d 1321, 1323 (9th Cir.1986) (per curiam). Tabaku's claim does not meet these standards.

While Tabaku did testify credibly that he would wear Albanian emblems if returned to Macedonia, substantial evidence never established a well-founded fear that persecution would result. His brother's testimony, tending to show that it would, was given no weight at all by the IJ, for credibility reasons not here challenged. Tabaku's uncle stated that emblems were taken from his daughter and other relatives, not that they were imprisoned. Forbidding an emblem to be worn and removing it from a bearer are not persecution within the meaning of the INA. *See Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc) (approving BIA's conclusion that "although enforcement of Iran's dress and conduct rules may seem harsh by Western standards, it does not 'rise to the level of persecution' ").

Tabaku therefore failed to show that any family member was persecuted for wearing an emblem or to present any other evidence that would support a well-founded fear of persecution. As a result, we deny the petition for review. *See Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir.2000) ("[A] petition must be denied unless the evidence [is] so compelling that no reasonable factfinder could fail to find

the requisite fear of persecution." (quotation marks and citation omitted)).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Tabaku's motion for stay of removal included a timely motion for stay of voluntary departure. Because the temporary stay of removal was extended based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, *nunc pro tunc*, from the filing of the motion for stay of removal. The stay of voluntary departure will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**