114 F.3d 1196
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ulises TOOTH, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70067.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1997.
Decided May 19, 1997.
 
 1
 Before: BROWNING and SCHROEDER, Circuit Judges, and RESTANI, U.S. Court of International Trade Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Ulises Tooth, a 48-year-old Nicaraguan national who conceded deportability under 8 U.S.C. § 1251(a)(1)(B) for entry without inspection, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the decision of the immigration judge ("IJ"), who denied Tooth's request for asylum, 8 U.S.C. § 1158(a), and withholding of deportation, 8 U.S.C. § 1253(h).
 
 
 4
 The BIA held that Tooth was not eligible for asylum because he did not show either that he was the object of past persecution or that he had a well-founded fear of persecution on account of political opinion. We agree.
 
 
 5
 Eligibility for asylum may be established on the basis of past persecution. Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993). However, Tooth failed to establish past persecution. He claims he was summoned to appear in front of a magistrate judge for hiding a draft dodger and was jailed for that reason for four or five days. That, however, is prosecution, not persecution. Rodriguez-Rivera v. INS, 848 F.2d 998, 1005 (9th Cir.1988). In addition, Tooth's claim that the military kept looking for him at his mother's house at night, but never at his workplace, presumably to punish him for evading the draft and harboring a draft dodger, was properly rejected by the IJ as incredible. Tooth's claim that a fist-fight he was involved in constituted persecution on account of political opinion was also properly rejected. The BIA noted that Tooth did not even mention the fist-fight in his application for asylum. Substantial evidence supports the IJ's and the BIA's determination that Tooth did not establish past persecution.
 
 
 6
 Tooth also failed to establish eligibility based on a well-founded fear of persecution on account of political opinion. A well-founded fear of persecution has both an objective and a subjective component. Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995) (citation omitted). An alien's credible testimony that he genuinely fears persecution satisfies the subjective component. Acewicz, 984 F.2d at 1061. Tooth failed the subjective test because the IJ found his testimony incredible. To satisfy the objective component, the alien must show "credible, direct, and specific evidence of facts supporting a reasonable fear of persecution...." Prasad, 47 F.3d at 338 (citations omitted). The BIA did not find that Tooth's fear that he might be the subject of Sandinista retribution for his failure to serve in the military and for his having harbored a draft dodger, amounted to a reasonable fear of persecution on account of political opinion. Because potential prosecution for the violation of a country's military laws does not constitute persecution, see Kaveh-Haghigy v. INS, 783 F.2d 1321 (9th Cir.1986), the BIA's determination was proper.
 
 
 7
 Tooth suggested before this court that he may have a well-founded fear of persecution on account of political opinion because of his employment by former President Reagan, a staunch Contras-supporter. He did not raise this before the BIA and therefore, that claim is not properly before us. See Vargas v. INS, 831 F.2d 906, 907-08 (9th Cir.1987) ("Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter.")).
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The Honorable Jane A. Restani, United States Court of International Trade, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3