**Mortaza Vaez MAROUFI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 83–7819.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 12, 1984.

Decided Sept. 30, 1985.

Before WALLACE, ALARCON, and NELSON, Circuit Judges.

ALARCON, Circuit Judge:

Mortaza Maroufi seeks review of the decision of the Board of Immigration Appeals (hereinafter the BIA) denying his motion to reopen deportation proceedings for consideration of his request for asylum and withholding of deportation made pursuant to 8 U.S.C. §§ 1158, 1253(h). We have jurisdiction under 8 U.S.C. § 1105a. We affirm in part, reverse in part, and remand.

## I

Maroufi, a native and citizen of Iran, entered the United States as a nonimmigrant student visitor in June 1976. The Immigration and Naturalization Service (INS) instituted deportation proceedings against Maroufi in November 1980, charging that he had violated the conditions of his visa. An immigration judge found Maroufi to be deportable, and Maroufi's subsequent appeal from this decision to the BIA was dismissed.

In January 1982, Maroufi filed a motion to reopen deportation proceedings pursuant to 8 C.F.R. § 3.2 (1985) to apply for political asylum. Pursuant to 8 C.F.R. § 208.-3(b) (1985), the BIA treated Maroufi's motion as a request to reopen in order to seek both asylum and withholding of deportation. The BIA denied Maroufi's motion in its entirety, and Maroufi appealed.

## II

Maroufi asserts that the BIA erred in denying his motion to reopen. He contends that the motion should have been granted because he submitted sufficient evidence to make a prima facie showing of eligibility for asylum and a prima facie case for withholding of deportation.[1]

Jack I. Kaiser, San Francisco, Cal., for petitioner.

Marshall T. Golding, Washington, D.C., for respondent.

1. We recently suggested changing the label for this type of relief from "withholding of deportation" to "prohibition against deportation" to emphasize that the provision is no longer discre-

### A.

We hold that the BIA did not abuse its discretion in denying Maroufi's motion to reopen for withholding of deportation.

We are unpersuaded that Maroufi's evidence, if believed, would prove that he faced a danger greater than any other citizen of Iran and therefore agree with the BIA's finding that Maroufi has not met his burden of coming forward with a prima facie showing that he was eligible for withholding of deportation. It is never an abuse of discretion to deny a motion to reopen when a prima facie case for relief is not established.

■ Maroufi asserts that he presented a sufficient "non-frivolous claim to asylum which justified the proceeding be reopened." He is incorrect. The standard of proof required to establish a prima facie case of entitlement to withholding of deportation is proof of a "clear probability of persecution." *INS v. Stevic*, 467 U.S. 407, 104 S.Ct. 2489, 2492–2501, 81 L.Ed.2d 321 (1984). While it is true that no hard and fast rule can be laid down as to what constitutes a sufficient showing of a "prima facie" case of a clear probability of persecution, *Matter of Sipus*, 14 I & N Dec. 229, 231 (1972), the standard demands more than the presentation of a "non-frivolous claim to asylum." The term "prima facie" traditionally indicates a requirement of proof that will support the desired finding if evidence to the contrary is disregarded; proof sufficiently strong to suffice on its own until it is contradicted or overruled by other evidence. *See, e.g., INS v. Jong Ha Wang*, 450 U.S. 139, 143–44 & n. 5, 101 S.Ct. 1027, 1030–31 & n. 5, 67 L.Ed.2d 123 (1981) (per curiam) (*Wang*). *Matter of Martinez-Romero*, 18 I & N Dec. 75 (1981).

■ In support of his motion to reopen, Maroufi submitted an affidavit citing the following circumstances as proof of his claim: (1) the statement of his parents in Iran that they were unable to speak openly in telephone conversations; (2) the fact that the last letter he received from his parents had been opened; (3) the fact that his father's store had been closed by the government for stocking non-Iranian merchandise; and (4) his knowledge that individuals who oppose the current government in Iran, including members of the Mujahedeen, a group Maroufi has openly supported, are executed on a daily basis in Iran.

These incidents neither individually nor collectively establish that there is a clear probability that Maroufi would be persecuted upon his return to Iran. As for the telephone conversations and opened letter, it is a sad but true fact that the citizens of many foreign countries do not enjoy unhampered communication.

Similarly, Maroufi has neither alleged nor established that the closing of a store for selling non-Iranian merchandise is an act of persecution, or is not a proper sanction under Iranian law. Finally, Maroufi is apparently asking us to conclude that he is in danger of persecution because members of the Mujahedeen, a group he has openly supported, are among the thousands who have been executed for opposing the present government in Iran. We cannot draw such a specific inference of personal danger from such a sweeping claim.

We recognize the difficulty an alien may face in establishing that he or she will be persecuted. We are also aware of the political upheaval in Iran. However, Maroufi's affidavit and application for asylum consisted solely of conclusory and speculative inferences drawn from generalized events. Courts have recognized that a prima facie case of the clear probability of persecution cannot be established from speculative conclusions or vague assertions. *E.g., Wang*, 450 U.S. at 143, 101

---

tionary. *Bolanos-Hernandez v. INS*, 767 F.2d 1277, 1281–82 (9th Cir.1985) (*Bolanos-Hernandez*). This language should not, of course, be used to misstate the law. We did not mean to suggest that section 243(h), prohibits the INS from deporting an alien to any country if he meets the provisions's requirements. In fact, section 243(h) only prohibits deportation or return to a country that would threaten the alien's life or freedom. It allows deportation to any other country that will accept the alien.

S.Ct. at 1030. Affidavits submitted in support of motions to reopen deportation proceedings must contain specific facts in order to carry the burden of establishing a clear probability of persecution. *See Shoaee v. INS*, 704 F.2d 1079, 1084 (9th Cir.1983).

■ Maroufi's assertion that the BIA must accept the truth of his evidence is correct. The BIA is required to accept as true the facts stated in an alien's affidavit in ruling upon his motion to reopen unless it finds those facts to be "inherently unbelievable." *See Hamid v. INS*, 648 F.2d 635, 637 (9th Cir.1981) (concerning a motion to reopen based upon an application for suspension of deportation under § 244(a)(1) of the I & N Act, 8 U.S.C. § 1254(a)(1)). There is no indication in this record, however, that the BIA did not accept the truth of Maroufi's factual allegations.

The record does indicate that the BIA noted that "the respondent's statements are totally unsupported by any corroborating evidence." We do not agree with the BIA's assertion that the law requires independent corroboration of the facts contained in a supporting affidavit. At oral argument, the government lawyer representing the Immigration and Naturalization Service (hereinafter INS) also argued that an alien's "own affidavit, unsupported by independent corroboration, would not suffice" to meet the requirements of the INS regulations. It is clear from the express wording of the regulation that no such requirement was contemplated. The regulation provides that a motion to reopen must be supported by "affidavits *or* other evidentiary material...." 8 C.F.R. 103.5 (1984) (emphasis added).

■ It was thus error for the BIA to assume that the affidavit had to be independently corroborated. However, this error is neither dispositive nor prejudicial in light of Maroufi's failure to present a prima facie case of a clear probability of persecution. A motion to reopen deportation proceedings cannot be granted when a prima facie case of eligibility for the relief sought is not established. *See Wang*, 450

U.S. at 141, 101 S.Ct. at 1029. The BIA reviewed the evidence offered by Maroufi and concluded that he had not made a prima facie showing that he was eligible. This conclusion is clearly supported by the record.

### B.

The denial of the motion to reopen to consider Maroufi's claim for asylum presents a different problem. In testing whether Maroufi established a prima facie case, it appears that the BIA may have incorrectly assumed that a well-founded fear of persecution is as stringent as a clear probability of persecution. *See Bolanos-Hernandez v. INS*, 767 F.2d 1277, 1282–84 (9th Cir.1984). The record suggests, however, that the BIA also might have relied on a different theory.

In a unanimous decision, the Supreme Court recently held that the BIA has broad discretion to deny motions to reopen deportation proceedings even if a prima facie case for relief from deportation is established. *INS v. Rios-Pineda*, —— U.S. ——, 105 S.Ct. 2098, 2101, 85 L.Ed.2d 452 (1985) (*Rios-Pineda*). At least since *Wang*, 450 U.S. at 143–44 & n. 5, 101 S.Ct. at 1030–31 & n. 5, the law of this circuit has been that BIA decisions on motions to reopen are reviewed only for an abuse of discretion. Despite the apparently clear language in footnote 5 of *Wang*, 450 U.S. at 143 n. 5, 101 S.Ct. at 1030 n. 5, there has been some disagreement in the circuit over whether the BIA's discretion extends beyond proof of a prima facie case or whether denial of a motion to reopen when a prima facie case for relief has been established is itself an abuse of discretion. *Compare Ahwazi v. INS*, 751 F.2d 1120, 1122 (9th Cir.1985) (discretion extends beyond proof of a prima facie case), *with Samimi v. INS*, 714 F.2d 992, 995 (9th Cir.1983) (proof of a prima facie case forecloses discretion).

■ *Rios-Pineda* ends this debate in favor of additional discretion regardless of whether the underlying relief sought is mandatory or discretionary. *See Vasquez*

*v. INS,* 767 F.2d 598, 601 (9th Cir.1985) (*Vasquez*). Motions to reopen are not a statutory form of relief, but arise under a regulation promulgated by the Attorney General and are not tied to a specific underlying relief provision. 8 C.F.R. § 3.2 (1985); *see Rios-Pineda,* 105 S.Ct. at 2102; *Wang,* 450 U.S. at 143, 101 S.Ct. at 1030 n. 5. Thus, this discretion extends to any motion to reopen under section 3.2, regardless of the nature of the underlying relief. *See, e.g., Vasquez,* at 601.

 The record reveals that the BIA may have considered the merits of Maroufi's claim, thus bringing it under *Rios-Pineda.* The BIA stated: "To warrant the requested relief a claim to persecution must be supported by evidence which is material, rather than by generalized undocumented assertions." [AR 1] The BIA then concluded that Maroufi's asylum claims were "totally unsupported by corroborating evidence." [AR 2] This language suggests that the BIA would have denied the relief as a matter of discretion.

Although this is a possible ground of affirmance, in the absence of the BIA's explicit statement that its underlying discretion was an alternative ground for its decision, we conclude that it is more appropriate to remand the case for a determination either of the correct meaning of the well-founded fear standard and whether Maroufi made out a prima facie case under it, or of whether Maroufi's claim ultimately would be denied as a matter of discretion, thus justifying a discretionary denial of Maroufi's motion to reopen.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

NELSON, Circuit Judge, concurring:

I concur in the result reached by the majority, and in the reasons offered in part II.A of its opinion. However, I write specially to comment on its discussion in part II.B of the standard for reopening deportation proceedings.

Since the majority properly refuses to assume that the BIA based its denial of Maroufi's motion on its underlying discretion, the majority's discussion of the Supreme Court's recent decision in *INS v. Rios-Pineda,* —— U.S. ——, 105 S.Ct. 2098, 85 L.Ed.2d 452 (1985), and the Ninth Circuit's decision in *Vasquez v. INS,* 767 F.2d 598 (9th Cir.1985), is purely dicta. We are remanding this case precisely because we cannot determine from the record whether the BIA's decision was based on the use of an incorrect legal standard or on the BIA's underlying discretion. Consequently, it is *unnecessary to decide or discuss* whether an exercise of discretion to deny the motion to reopen would be proper under *Rios-Pineda* in the present case.

Furthermore, even if this question were currently before this panel, any citation to *Vasquez* would be tenuous at best. In part II of *Vasquez,* the court's discussion of *Rios-Pineda* as it pertains to motions to reopen for *suspension of deportation* is dictum. Indeed, even its discussion in part I of the relevance after *Rios-Pineda* of the distinction between discretionary and non-discretionary statutory eligibility determinations is dictum. In part I, the *Vasquez* court was dealing with a motion to reopen for adjustment of status, in which the determination of basic statutory eligibility is non-discretionary. *Obitz v. INS,* 623 F.2d 1331, 1332 (9th Cir.1980). Even before *Rios-Pineda,* however, the Ninth Circuit held that when dealing with non-discretionary basic statutory eligibility, motions to reopen could be denied regardless of a prima facie showing. *Ahwazi v. INS,* 751 F.2d 1120, 1122 & n. 2. Thus, there was no need in part I of *Vasquez* to discuss discretionary basic statutory eligibility. As a result, the authoritativeness of that opinion on the interpretation of *Rios-Pineda* and the state of the law in motion to reopen situations is very much in doubt.

With these reservations and comments as to part II.B of the majority opinion, I concur in the judgment.