996 F.2d 1229
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ana Patricia VILLAGRAN-DIAZ; Astrid Adriana
Mendoza-Villagran; Elsa Marisel Elsa Mariana
Marisel Mendoza-Villagran, Petitioners,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70816.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 18, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ana Patricia Villagran-Diaz, a native and citizen of Guatemala, petitions for review the Board of Immigration Appeals' ("BIA") denial of her motion to remand her case to the Immigration Judge ("IJ"). The IJ, conducting an in absentia hearing, found Villagran-Diaz deportable as charged and denied her requests for asylum, withholding of deportation, and voluntary departure. Villagran-Diaz contends that the BIA erred by not remanding her case because she has demonstrated reasonable cause for her failure to attend her deportation hearing. We have jurisdiction pursuant to 8 U.S.C. § 1105, and we grant the petition for review.
 
 
 3
 Motions to remand deportation proceedings to an IJ are treated by the BIA similarly to motions to reopen deportation proceedings, Rodriguez v. INS, 841 F.2d 865, 867 (9th Cir.1987), and are reviewed for abuse of discretion. See INS v. Abudu, 485 U.S. 94, 108 (1988). The BIA considers motions to reopen without a hearing and, therefore, "cannot make credibility determinations at this stage of the proceedings." Hernandez-Ortiz v. INS, 777 F.2d 509, 518 (9th Cir.1985). Accordingly, the BIA must accept the truth of the alien's affidavits "unless it finds [the facts asserted] to be 'inherently unbelievable.' " Maroufi v. INS, 772 F.2d 597, 600 (9th Cir.1985) (quoting Hamid v. INS, 648 F.2d 635, 637 (9th Cir.1981)).
 
 
 4
 Section 242(b) of the Immigration and Nationality Act ("Act") provides in pertinent part:
 
 
 5
 If any alien has been given a reasonable opportunity to be present at a proceeding under this section, and without reasonable cause fails or refuses to attend or remain in attendance at such proceeding, the [IJ] may proceed to a determination in like manner as if the alien were present.
 
 
 6
 8 U.S.C. § 1252(b). Generally, however, if the cause of the alien's failure to appear relates to facts not before the IJ at the time of his decision, and the alien can show "reasonable case" for her failure to appear, the alien may petition to have her case reopened. See Matter of Ruiz, Int.Dec. 3116 (BIA1989); Matter of Haim, Int.Dec. 3060 (BIA1988). In order to demonstrate "reasonable cause," the petitioner must support the new facts by affidavits or other evidentiary material. 8 C.F.R. § 103.5; INS v. Wang, 450 U.S. 139, 141 (1981) (per curiam). Where an alien can demonstrate reasonable cause for her failure to appear, section 242(b) of the Act guarantees her right to a hearing. See Matter of Ruiz, Int.Dec. 3116.
 
 
 7
 Here, Villagran-Diaz submitted a declaration, signed under penalty of perjury and dated, stating that she was unable to attend her deportation hearing because she had to stay home to take care of her two minor children who had become ill. The BIA denied Villagran-Diaz's motion to remand, finding that she had proffered only an unsworn declaration in support of the motion. The BIA concluded that because Villagran-Diaz's declaration was not executed under oath, it was insufficient to warrant a remand of the proceedings to the IJ. We disagree. Under 28 U.S.C. § 1746, a declaration subscribed as true under penalty of perjury and dated has the same force and effect as a sworn statement or affidavit.[1] Here, Villagran-Diaz's declaration was properly executed pursuant to section 1746, and, therefore, the BIA should have considered it on its merits. Accordingly, we grant the petition for review and vacate and remand to the BIA for a determination as to whether Villagran-Diaz has shown reasonable cause for her failure to attend her deportation hearing.
 
 
 8
 PETITION FOR REVIEW GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 1746 states in pertinent part:
 Wherever, under any law of the United States ... any matter is required to be supported ... by the sworn declaration, ... such matter may, with like force and effect be supported ... by the unsworn declaration ... in writing of such person which is subscribed by him, as true under penalty of perjury, and dated....