Umberto Navarro LAZCANO; et al., Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–73734.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 14, 2005.

Evan L. Murri, Esq., Law Offices of Evan L. Murri, Pomona, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Margot L. Nadel, Esq., U.S. Department of Justice, Conor Dugan, Washington, DC, for Respondent.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Umberto Navarro Lazcano, Maria Mercedes Zaragoza Hernandez, Sonia Elizabeth Navarro Zaragoza, and Alvaro Alejandro Navarro Zaragoza, natives and

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of their motion to reopen following in absentia orders of removal. We have jurisdiction under 8 U.S.C. § 1252. *See Lo v. Ashcroft,* 341 F.3d 934, 936 (9th Cir.2003). We review for abuse of discretion. *See Celis–Castellano v. Ashcroft,* 298 F.3d 888, 890—91 (9th Cir.2002). We deny the petition for review.

The IJ acted within his discretion in denying the motion to reopen. The note from Zaragoza Hernandez's doctor does not describe the nature of her visit, the treatment sought, or the severity of her condition. Moreover, the motion to reopen was not supported by any other evidence— *e.g.,* declarations or affidavits. *Cf. Maroufi v. INS,* 772 F.2d 597, 600 (9th Cir.1985) ("The BIA is required to accept as true the facts stated in an alien's affidavit in ruling upon his motion to reopen unless it finds those facts to be inherently unbelievable.") (internal quotation marks omitted). In short, the petitioners did not definitively establish that Zaragoza Hernandez's high blood pressure was "serious" within the meaning of 8 U.S.C. § 1229a(e)(1). Thus, the record does not compel a finding that the petitioners met their burden to demonstrate "exceptional circumstances." *See Celis–Castellano,* 298 F.3d at 892.

## PETITION FOR REVIEW DENIED.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).