**Alexi Abigail GUERRERO–MANCIA, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 04–72942.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2006.\*\*

Filed Dec. 18, 2006.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alexi Abigail Guerrero–Mancia, Los Angeles, CA, pro se.

Before: B. FLETCHER, FERNANDEZ, and GRABER, Circuit Judges.

MEMORANDUM ***

Alexi Abigail Guerrero–Mancia, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of his motion to reopen proceedings after he was ordered deported in absentia. We have jurisdiction pursuant to former 8 U.S.C. § 1105(a). *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We review for abuse of discretion the denial of a motion to reopen, *Celis–Castellano v. Ashcroft,* 298 F.3d 888, 890 (9th Cir.2002), with factual findings reviewed for substantial evidence. *Hamoui v. Ashcroft,* 389 F.3d 821, 826 (9th Cir.2004). We deny the petition for review.

Since the parties are fully conversant with the facts, we discuss only those pertinent to our decision. On January 19, 1995, Guerrero–Mancia failed to appear at a scheduled deportation hearing and was ordered deported. On May 19, 2003, Guerrero–Mancia, represented by counsel, filed a motion to reopen. He argued before the IJ that his motion should be granted because he had never received notice of the January 19, 1995 deportation hearing. He submitted a declaration, which asserted in relevant part: "I did not receive any notice of a hearing." However, Guerrero–Mancia said nothing about the Order to Show Cause ("OSC") dated May 1, 1994, which was part of the record. Specifically, he did not address the signatures or the thumb print that appear on the OSC.

The OSC bears a legible signature, which appears to be that of Guerrero–Mancia, acknowledging receipt of a copy of the document, as well as a certificate of translation and oral notice signed by a border patrol agent. Thus, according to the document, the OSC was personally served on Guerrero–Mancia and was read to him in his native language of Spanish.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The IJ denied Guerrero–Mancia's motion to reopen—finding that the OSC contained all the requisite information regarding the January 19 hearing, *see* 8 U.S.C. § 1252b (1995), and was properly served, as evidenced by the signed certificate of service demonstrating personal delivery.

In ruling on a motion to reopen, facts asserted in a petitioner's declaration generally must be accepted as true unless the IJ finds the facts " 'inherently unbelievable.' " *Celis–Castellano,* 298 F.3d at 892 (quoting *Maroufi v. INS,* 772 F.2d 597, 600 (9th Cir.1985)). Notably, Guerrero–Mancia's signature on the OSC matches all other signatures on record, including several that Guerrero–Mancia concedes are legitimate. And Guerrero–Mancia has never contested the authenticity of the thumb print affixed to the OSC. In light of these facts, the IJ could find that Guerrero–Mancia's statement that he had not received notice was inherently unbelievable. *Cf. id.; cf. also Red Top Mercury Mines, Inc. v. United States,* 887 F.2d 198, 202–03 (9th Cir.1989) (order) (noting the presumption that public officers have properly discharged their official duties). Substantial evidence supported the IJ's finding that Guerrero–Mancia was personally served with the OSC.

In sum, Guerrero–Mancia failed to satisfy his burden of demonstrating lack of notice under 8 U.S.C. § 1252b(c)(3) (1995). Accordingly, the IJ's denial of Guerrero–Mancia's motion to reopen was not an abuse of discretion. *Cf. Sharma v. INS,* 89 F.3d 545, 548 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.