**Elia Arevalo ARETA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73168.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2007.[*]

Filed June 6, 2007.

Frank P. Sprouls, Esq., Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Donna Fitzgerald, DOJ—U.S. Department of Justice, Environment &

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Natural Resources Division, Washington, DC, for Respondent.

Before: REINHARDT, FISHER, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Elia Arevalo Areta petitions for review of the Board of Immigration Appeals' final order denying her motion to reopen on the grounds that the motion was filed more than 90 days after the decision and that she did not fit within the changed circumstances exception to the time requirement. We deny the petition.

This court reviews a BIA denial of a motion to reopen for abuse of discretion. *See Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004). We must uphold the board's ruling " '[u]nless [it] acted arbitrarily, irrationally, or contrary to law.' " *Id.* (quoting *Lo v. Ashcroft,* 341 F.3d 934, 937 (9th Cir.2003)). To prevail on a motion to reopen, a petitioner must show prima facie eligibility for the underlying substantive relief requested. *See INS v. Wang,* 450 U.S. 139, 141, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981) (per curiam). A prima facie case is established "where the evidence reveals a reasonable likelihood the statutory requirements for relief have been satisfied." *See Ordonez v. INS,* 345 F.3d 777, 785 (9th Cir.2003) (quoting *In re S–V,* 22 I. & N. Dec. 1306 (BIA 2000)). Areta's motion to reopen must therefore demonstrate that conditions in Mexico have changed to the point that she has a "well-founded fear of future persecution." 8 C.F.R. § 1208.13(b).

Areta fails to make such a showing. The only evidence Areta presents in support of her motion is her own declaration stating, among other things, that the common-law husband who abused her in California now lives in Mexico, and that "I fear returning to Mexico because in Mexico women are not protected." That may establish Areta's subjective fear, but it does not make out a prima facie case that the fear is objectively reasonable. In particular, Areta did not present competent evidence that the Mexican government would be unable or unwilling to protect her from domestic violence. *See Maroufi v. INS,* 772 F.2d 597, 599 (9th Cir.1985) (no prima facie case established where "affidavit and application for asylum consisted solely of conclusory and speculative inferences drawn from generalized events"); *In re R–A–,* 22 I. & N. Dec. 906, 914 (BIA 2001) (asylum-seeker fearing harm from private party must show that "she [is] unable to avail herself of the protection of the Government ... in connection with the abuse inflicted"). Since Areta failed to make a prima facie showing that she is eligible for asylum, the BIA did not abuse its discretion in denying her motion to reopen.

We also reject Areta's argument that the Department of Homeland Security's intention to promulgate a new regulation on gender abuse constitutes changed country circumstances. A change in American law is not "changed circumstances ... in the country to which deportation has been ordered." 8 C.F.R. § 1003.2(c)(3)(ii).

**PETITION DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.