Johannes Parikesit LATUHARHARY, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–75711.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Feb. 26, 2008.*

Filed March 10, 2008.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Johannes Parikesit Latuharhary, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") decision adopting and affirming an Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition.

The record does not compel the conclusion that Latuharhary's untimely filing of his asylum application should be excused. *See* 8 C.F.R. § 208.4(a)(5). Accordingly, we deny the petition as to Latuharhary's asylum claim.

With regard to the claim for withholding of removal, substantial evidence supports the IJ's finding that Latuharhary has not demonstrated a clear probability of future persecution. *See Lolong v. Gonzales*, 484 F.3d 1173, 1179–81 (9th Cir.2007) (en banc) (petitioner failed to demonstrate the existence of a pattern and practice of persecution); *Maroufi v. INS*, 772 F.2d 597, 599–600 (9th Cir.1985) (petitioner failed to

demonstrate that he would be singled out for future persecution).

Substantial evidence also supports the IJ's denial of CAT relief because Latuharhary did not show that it is more likely than not that he would be tortured if returned to Indonesia. *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir.2006).

Finally, we deny Latuharhary's request to remand for review of evidence regarding current country conditions in Indonesia. If Latuharhary would like the IJ to review such evidence, he should file a motion to reopen with the BIA. *See* 8 C.F.R. § 1003.2(c); *Malty v. Ashcroft*, 381 F.3d 942, 944–47 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

