**Benny LAOH; Febri Octavianus, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–74841.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 10, 2008.

Kaaren L. Barr, Esq., Seattle, WA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, James E. Grimes, Esq., Mary Jane Candaux, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Benny Laoh ("Laoh") and his son, Febri Octavianus ("Octavianus"), natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") decision adopting and affirming an Immigration Judge's ("IJ") order denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

The record does not compel the conclusion that the petitioners' untimely filing of their asylum application should be excused. *See* 8 C.F.R. § 208.4(a)(5). Accordingly, we deny the petition as to the asylum claim.

With regard to Laoh and Octavianus' claims for withholding of removal, substantial evidence supports the IJ's finding that they have not demonstrated a clear probability of future persecution. *See Lolong v. Gonzales*, 484 F.3d 1173, 1179–81 (9th Cir. 2007) (en banc) (petitioner failed to demonstrate the existence of a pattern and practice of persecution); *Maroufi v. INS*, 772

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

F.2d 597, 599–600 (9th Cir.1985) (petitioner failed to demonstrate that he would be singled out for future persecution). Accordingly, we deny their claims for withholding of removal.

Substantial evidence also supports the IJ's denial of CAT relief because Laoh and Octavianus did not establish that it is more likely than not that they would be tortured if returned to Indonesia. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir. 2006).

Finally, we deny Laoh and Octavianus' request to remand for review of evidence regarding current country conditions in Indonesia. If petitioners would like the IJ to review such evidence, they should file a motion to reopen with the BIA. *See* 8 C.F.R. § 1003.2(c); *Malty v. Ashcroft,* 381 F.3d 942, 944–47 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.