**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 10 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



MAYNOR RENE AVILA-ORTIZ,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-73428

Agency No. A070-219-976

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 6, 2013
Pasadena, California

Before: PAEZ and WATFORD, Circuit Judges, and CONLON, District Judge.**

Maynor Avila-Ortiz appeals from the decision of the Board of Immigration

Appeals (BIA) affirming the Immigration Judge's (IJ's) denial of his untimely

2007 motion to reopen. Avila-Ortiz obtained voluntary departure relief in 1995 but

remained in the United States; he now seeks reopening in order to apply for asylum

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Suzanne B. Conlon, United States District Judge for
the Northern District of Illinois, sitting by designation.

relief. Avila-Ortiz claims he is entitled to equitable tolling of the time limit governing motions to reopen because he received ineffective assistance of counsel at his removal hearing. The attorney who then represented him, Terrence McGuire, was disbarred in 2006 for egregious misconduct in his representation of immigration clients. *In the Matter of Terrence McGuire*, No. 05-N-03357 (State Bar Court of California, July 5, 2006). Avila-Ortiz claims McGuire fraudulently orchestrated the withdrawal of his asylum application in 1995.

The BIA did not abuse its discretion when it denied Avila-Ortiz the benefit of equitable tolling because Avila-Ortiz failed to show that he acted diligently after learning of his attorney's misconduct. *See Singh v. Gonzales*, 491 F.3d 1090, 1096-97 (9th Cir. 2007). The declaration attached to Avila-Ortiz's unadjudicated 1996 motion to reopen shows that he knew in 1996 that McGuire had performed deficiently during his removal proceedings. Avila-Ortiz has offered no explanation for the subsequent 11-year period during which he failed to protect his rights by continuing to pursue relief based on McGuire's errors. *Cf. Ray v. Gonzales*, 439 F.3d 582, 590 (9th Cir. 2006) (petitioner provided "proof that he retained legal help in a timely and diligent fashion, repeatedly contacted his attorneys, paid them large sums of money for their services, and received assurances from them that they were handling his case appropriately and diligently"); *Albillo-De Leon v.*

2

*Gonzales*, 410 F.3d 1090, 1099-1100 (9th Cir. 2005) (petitioner showed diligence during a 7-month period when, after hearing nothing from the Immigration Court confirming that his attorney had filed a motion to reopen, he asked the attorney about it and filed a FOIA request).

That Avila-Ortiz may have been waiting for the INS to adjudicate a 1996 motion he thought his new lawyer had properly filed cannot alone explain his delay. Since Avila-Ortiz already knew about McGuire's deficient performance, it was unreasonable for him to wait 11 years without undertaking any effort to contact his lawyer or the agency or otherwise investigate the status of his claim. *See Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (question of due diligence depends on when a reasonable person would learn of his attorney's misconduct and whether the petitioner then took reasonable steps to investigate it or pursue relief). Furthermore, Avila-Ortiz has not shown that his inaction was the result of an inability "to obtain vital information bearing on the existence of [his] claim" through no fault of his own, as might be the case had he been improperly advised by his lawyer or the agency about the status of his 1996 motion. *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir. 2001) (en banc).

**PETITION FOR REVIEW DENIED**.

*Avila-Ortiz v. Holder*, No. 08-73428

PAEZ, Circuit Judge, dissenting.

I respectfully dissent. Because I would grant the petition and remand for further proceedings, I address all of the arguments that Avila-Ortiz raises in his petition for review. In light of the parties' familiarity with the facts, I restate them only as necessary to explain why I would grant the petition.

"Where, as here, the BIA cites *Burbano* and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011). The IJ denied Avila-Ortiz's motion to reopen on three grounds: (1) Avila-Ortiz failed to demonstrate ineffective assistance of counsel and thus, also failed to show prejudice; (2) Avila-Ortiz's motion did not meet the requirements of *Matter of Lozada*; and (3) Avila-Ortiz failed to submit a new asylum application with his motion to reopen. The BIA affirmed those three grounds, and also found that Avila-Ortiz's motion to reopen was untimely and that he was not entitled to equitable tolling because he failed to show due diligence. I address these issues in turn.

**1.** The IJ's finding, which the BIA affirmed, that Avila-Ortiz failed to demonstrate ineffective assistance of counsel and prejudice is premised on the finding that Avila-Ortiz was present at his August 30, 1995 hearing. Avila-Ortiz

Page 1 of 10

declares that he was not present at this hearing on the advice of Terrence McGuire; McGuire sent an unauthorized agent, Stephen Alexander, to represent him at this hearing; and Alexander withdrew Avila-Ortiz's asylum application at the hearing without his consent. Without addressing Avila-Ortiz's statements to the contrary or providing Avila-Ortiz an opportunity to respond to the contrary record evidence, the IJ here concluded in one sentence that Avila-Ortiz was present because the trial transcript shows that someone appeared as Avila-Ortiz at the hearing. The BIA summarily affirmed.

At the motion to reopen stage, this finding cannot stand. In ruling upon a motion to reopen, the IJ is "under an affirmative obligation to accept as true the facts stated in [the petitioner's] affidavit in ruling upon his motion to reopen unless [the IJ finds] those facts to be inherently unbelievable." *Avagyan v. Holder*, 646 F.3d 672, 678-79 (9th Cir. 2011) (internal quotation marks omitted); *see also Malty v. Ashcroft*, 381 F.3d 942, 947 (9th Cir. 2004); *Maroufi v. INS*, 772 F.2d 597, 600 (9th Cir. 1985). Where the IJ fails to make such a finding, we are obligated to accept the facts in the affidavit as "true and undisputed." *Avagyan*, 646 F.3d at 679. Neither the BIA nor the IJ specifically made such a finding. Instead, the BIA and IJ implicitly rejected Avila-Ortiz's assertions without ever applying the "inherently unbelievable" standard. This reason alone would support accepting

Avila-Ortiz's affidavit as true and thus rejecting the first ground for denying the motion to reopen.

Moreover, the facts in Avila-Ortiz's affidavit simply are not "inherently unbelievable" on their face. Unfortunately, as evidenced by Attorney McGuire's state bar disciplinary record, fraudulent representation of the type Avila-Ortiz alleges in this case is not uncommon. *See In the Matter of Terrence McGuire*, No. 05-N-03357 (State Bar Ct. of Cal., July 5, 2006) (disbarring McGuire for fraudulent representation of immigrants similar to that alleged by Avila-Ortiz in this case); *see also Morales Apolinar v. Mukasey*, 514 F.3d 893, 897 (9th Cir. 2008) ("All too often, vulnerable immigrants are preyed upon by unlicensed notarios and unscrupulous appearance attorneys who extract heavy fees in exchange for false promises and shoddy, ineffective representation."). There is a genuine factual dispute about whether Avila-Ortiz was present at the hearing, as the transcript suggests, or not, as Avila-Ortiz consistently alleged in his 1996 and 2007 motions to reopen. Avila-Ortiz's claim is supported by the fact that Alexander's notice of appearance on August 30, 1995 is not signed by Avila-Ortiz. Further, the possibility that someone else could have successfully claimed to be Avila-Ortiz is greater because this was the first hearing in Avila-Ortiz's case before this particular immigration judge.

While the trial transcript provides countervailing evidence, the question of whether to credit Avila-Ortiz's testimony in light of the transcript is essentially a credibility determination. "We have long held that credibility determinations on motions to reopen are inappropriate." *Bhasin v. Gonzales*, 423 F.3d 977, 986 (9th Cir. 2005). Such a silent credibility finding is particularly problematic here, where Avila-Ortiz was not given an opportunity to respond to the record evidence. *See Ordonez v. INS*, 345 F.3d 777, 786 (9th Cir. 2003).

Therefore, this court, for the purposes of the motion to reopen, must accept Avila-Ortiz's affidavit as true. If the facts in his affidavit are true, he clearly has established that his "counsel [failed to] perform with sufficient competence." *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir. 2004) (alteration in original) (internal quotation marks omitted). Because of McGuire's conduct, Avila-Ortiz never had the opportunity to present his political asylum claim before an immigration judge; thus, McGuire's conduct certainly "may have affected the outcome of [his] proceedings." *Id.*

**2.** The BIA and IJ also concluded that Avila-Ortiz failed to comply with the three procedural requirements outlined in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). Despite the IJ's unsupported finding to the contrary, Avila-Ortiz complied with the first requirement by explaining in his affidavit that he hired

McGuire to represent him in his immigration proceedings and visited his office several times, working with a Spanish interpreter in McGuire's office. We have recognized an exception to the remaining two requirements where contacting the prior counsel or filing a complaint would be futile. *Morales Apolinar*, 514 F.3d at 896. In *Morales Apolinar,* we held that "where a petitioner's attorney has been suspended after failing to respond to prior charges of ineffective assistance, it would be futile for the petitioner to inform counsel of the accusations or file a complaint." *Id*. at 897. In this case, both McGuire and Alexander were not only suspended, but disbarred, prior to the filing of the motion to reopen. Therefore, Avila-Ortiz's failure to file a futile complaint "does not bar h[is] ineffective assistance of counsel claim." *Id.*

**3.** The IJ also denied the motion to reopen because Avila-Ortiz failed to attach a "renewed I-589 application for asylum or any documents supporting his renewed application for asylum as required by regulations." The IJ relies on 8 C.F.R. § 1003.23, which provides, in relevant part that "[a]ny motion to reopen for the purpose of acting on an application for relief must be accompanied by the appropriate application for relief and all supporting documents." The purpose of this regulation is to require a petitioner, who is seeking a new form of relief on the basis of new facts, to submit a proper application for the relief sought. But a

petitioner need not submit a new application for relief where the petitioner's motion to reopen is based on ineffective assistance of counsel and the petitioner seeks to move forward with his initial application for relief, which is already in the record. Therefore, in my view, the BIA and IJ erred in denying Avila-Ortiz's motion to reopen on that basis.

**4.** Finally, the majority affirms the BIA's decision on the ground that Avila-Ortiz's motion to reopen was untimely and he is not entitled to equitable tolling because he did not demonstrate "due diligence." The BIA provides no analysis for its conclusion that "diligence [is] lacking here." In my view, the majority's due diligence reasoning improperly lumps together all of Avila-Ortiz's ineffective assistance of counsel claims. In doing so, the majority fails to recognize that Avila-Ortiz did not have knowledge of the specific fraud underlying his current motion to reopen at the time that he filed the 1996 motion to reopen. Mem. at 2 ("The declaration attached to Avila-Ortiz's unadjudicated 1996 motion to reopen shows that he knew in 1996 that McGuire had performed deficiently during his removal proceedings."); *see Avagyan*, 646 F.3d at 680 ("We independently assess Avagyan's diligence with respect to each claim [of ineffective assistance]."). Because I believe the BIA's drive-by "no diligence" finding was an abuse of discretion, I would grant the petition and remand to the BIA for further

consideration of the motion to reopen.

We have repeatedly held that a petitioner is entitled to equitable tolling of the motion to reopen deadline "during periods when a petitioner is prevented from filing because of a deception, fraud, or error, as long as petitioner acts with due diligence in discovering the deception, fraud or error." *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003). *Avagyan* explains that in assessing diligence, "we consider three issues." 646 F.3d at 679. I address these issues below.

First, there was no way for Avila-Ortiz to know or even suspect the specific fraud underlying his motion to reopen—the withdrawal of his asylum application without his consent—until his third lawyer ordered the FOIA records and discovered the withdrawal and Alexander's appearance at the August 30, 1995 hearing. *Id.* at 682 (affirming that the petitioner had no reason to know of the ineffective assistance in her case until she met with current counsel). Avila-Ortiz's affidavit, which we take as true, affirms that he never previously knew his asylum application was withdrawn. The government does not allege that Avila-Ortiz was directly served with any verification of the withdrawal nor does it allege any facts as to why Avila-Ortiz should have known of this fraud earlier.

Second, Avila-Ortiz both "took reasonable efforts" to investigate McGuire's deficient performance and "made efforts to pursue relief." *Id.* at 679. In analyzing

this issue, we must keep in mind that "[w]e do not require [a] petitioner to act with the maximum diligence possible—only due or reasonable diligence." *Id.* at 679 (internal quotation marks omitted). Moreover, "[o]ur review of petitioner's diligence must be fact-intensive and case-specific, assessing the reasonableness of petitioner's actions in the context of his or her particular circumstances." *Id.*

In 1996, Avila-Ortiz consulted another lawyer regarding McGuire's performance. After discussing his case with his second lawyer, Avila-Ortiz learned that McGuire's assistance was ineffective in advising him not to attend his own hearing and failing to advise him of his appeal rights. That lawyer did not, however, discover the withdrawal of his asylum application. It was reasonable for Avila-Ortiz to rely on the advice of this second lawyer regarding the extent of McGuire's deficient performance, especially since he had no reason to suspect any further fraud. *Id.* ("We cannot penalize individuals . . . for reasonably relying on the advice of counsel, even if that counsel turns out to have been incompetent or predatory."). On the basis of the knowledge he acquired, Avila-Ortiz appropriately pursued relief by filing a motion to reopen alleging the specific ineffective assistance of counsel that he was aware of at the time. He also contacted McGuire regarding his ineffective assistance. The 1996 motion to reopen was never acted upon by the agency. It was not unreasonable for Avila-Ortiz to think that this was

his only available avenue for relief because, in light of the circumstances, this would seem like a sensible approach, especially given the numerical limit on motions to reopen.  8 C.F.R. § 1003.2(c)(2) (allowing only one motion to reopen per petitioner).

Third, despite Avila-Ortiz's seemingly hopeless situation, he consulted another attorney, who submitted a FOIA request for his full immigration file.  The FOIA records uncovered Alexander's appearance at the August 30, 1995 hearing and withdrawal of Avila-Ortiz's asylum application.  This was the point at which Avila-Ortiz "definitively learn[ed] of the harm resulting from [his] counsel's deficiency" and thus marks the appropriate end of the tolling period.  *Avagyan*, 646 F.3d at 679.  Although the record does not disclose the date on which current counsel received the FOIA records and presented them to Avila-Ortiz, nothing in the record suggests a delay between that date and the date of the 2007 motion to reopen.  Nor does the government argue that Avila-Ortiz delayed in filing his motion to reopen after receiving those records.  Thus, presuming that there was no undue delay after this point, Avila-Ortiz is entitled to equitable tolling.

Despite the foregoing, the BIA found that Avila-Ortiz failed to show diligence without even addressing the 1996 motion to reopen, which demonstrates both an attempt to discover McGuire's fraud and a reasonable attempt to pursue

relief. The BIA's finding was an abuse of discretion. *See Singh v. Gonzales*, 494 F.3d 1170, 1172 (9th Cir. 2007) ("[T]he BIA is obligated to consider and address in its entirety the evidence submitted by a petitioner, and where its failure to do so could have affected its decision, remand is appropriate.").

In denying the petition, the majority denies Avila-Ortiz the opportunity to pursue his asylum application for the first time before an immigration judge, an opportunity that was likely denied to him by egregious fraud on behalf of his representative. For all of the above reasons, I would grant the petition and remand to the BIA for further consideration of the motion to reopen.