NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 2 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZUCHAO HE, | No. 13-73331 |
| Petitioner, | Agency No. A099-670-043 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2017[**]

Before: THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Zuchao He, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying his motion to reopen removal

proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

discretion the denial of a motion to reopen, and we review de novo questions of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

law.  *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).  We deny the petition for review.

The BIA did not abuse its discretion in denying the motion to reopen based on ineffective assistance of counsel, where He failed to show prejudice.  *See Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir. 2004) (to establish prejudice for an ineffective assistance of counsel claim, an alien must demonstrate that counsel's performance may have affected the outcome of the proceedings).

The BIA also did not abuse its discretion in denying He's motion to reopen based on changed country conditions as untimely, where he failed to establish materially changed conditions to qualify for the regulatory exception to the filing deadline.  S*ee* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi v. Holder*, 597 F.3d 983, 987-89 (9th Cir. 2010) (new evidence must be "qualitatively different" to warrant reopening).  Contrary to He's contentions, the BIA did not improperly evaluate the evidence submitted with his motion to reopen.  *See Bhasin v. Gonzales*, 423 F.3d 977, 984 (9th Cir. 2005) (An applicant must demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought).

**PETITION FOR REVIEW DENIED.**

13-73331