**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ZUCHAO HE,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-70696

Agency No. A099-670-043

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2020[**]
Honolulu, Hawaii

Before:  FARRIS, McKEOWN, and BADE, Circuit Judges.

Zuchao He, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' (BIA) order denying his second motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252 and deny the

petition.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1.      We review the BIA's denial of a motion to reopen for abuse of discretion and will reverse "only if the [BIA] acted arbitrarily, irrationally, or contrary to law." *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) (citation omitted).  Motions to reopen are "disfavored" and subject to the Attorney General's "broad discretion."  *See INS v. Doherty*, 502 U.S. 314, 323 (1992) (citation omitted).

The BIA did not abuse its discretion in denying He's second motion to reopen as untimely and number barred.  He filed his second motion to reopen more than seven years after the final order of removal.[1]  The BIA concluded that He failed to establish materially changed country conditions to qualify for the regulatory exception to the filing deadline and numerical bar.  *See* 8 C.F.R. §§ 1003.2(c)(2), 1003.2(c)(3)(ii).  We agree with the BIA that He's proffered evidence reflects the continuation of adverse treatment of various religious groups in China; it is not new, "qualitatively different" evidence.  *See Najmabadi v. Holder*, 597 F.3d 983, 987-89 (9th Cir. 2010).

2.      He argues that the BIA improperly considered the evidence relating to his personal circumstances submitted with his second motion to reopen.  To reopen proceedings based on changed country conditions, He needed to establish prima

---

[1] This court upheld the BIA's denial of He's first motion to reopen.  *See He v. Sessions*, 692 F. App'x 390 (9th Cir. June 2, 2017).

facie eligibility for relief. *See Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008). Any error by the BIA in giving reduced weight to He's affidavit is harmless because the BIA separately found that the affidavit was speculative and conclusory on whether He would suffer harm upon return to China, and that He's evidence failed to establish prima facie eligibility for relief. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future harm is too speculative); *Maroufi v. INS*, 772 F.2d 597, 600 (9th Cir. 1985) (holding that BIA's error in considering alien's affidavit in support of motion to reopen was harmless because alien failed to establish prima facie case of eligibility). The record does not compel a reversal of that factual finding. *See Celis-Castellano v. Ashcroft*, 298 F.3d 888, 892 (9th Cir. 2002).

**PETITION FOR REVIEW DENIED.**