NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 8 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EBER ISAI PORTILLO-HERCULES, | No.    18-72344 |
| Petitioner, | Agency No. A200-901-757 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 14, 2021
San Francisco, California

Before:  SCHROEDER, RAWLINSON, and BADE, Circuit Judges.

Eber Isai Portillo-Hercules, a citizen and native of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") denial of his motion to

reopen his removal proceedings.  We have jurisdiction pursuant to 8 U.S.C.

§ 1252, and we deny the petition.

1.      Portillo-Hercules asserts the BIA erred in denying his motion to

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

reopen his removal proceedings for ineffective assistance of counsel as untimely. The BIA applied the correct legal standard and did not abuse its discretion in concluding that Portillo-Hercules is not entitled to equitable tolling because the record supports that he failed to show he acted with due diligence. *See Avagyan v. Holder*, 646 F.3d 672, 678–79 (9th Cir. 2011).

There is no evidence that Portillo-Hercules investigated his prior attorneys' performance after he had reason to suspect that they performed deficiently when he decided he needed a new attorney once the BIA denied his appeal in January 2013. *See id.* at 678–81. The record supports the BIA's determination that Portillo-Hercules did not demonstrate that he has cognitive difficulties that prevented him from recognizing his prior attorneys' deficient performance. Not only did Portillo-Hercules promptly retain a new attorney about a month after the BIA denied his appeal, but he also brought potentially relevant evidence to his prior attorney's attention on his own initiative. These actions support the BIA's conclusion that Portillo-Hercules was able to understand the BIA's decision denying his appeal, and thus, his duty to investigate began when he learned the BIA denied his appeal. *See id.* at 680–81. Therefore, the BIA did not err in concluding that Portillo-Hercules failed to establish he is entitled to equitable tolling. *See id.*

2.    To the extent that Portillo-Hercules suggests that the BIA failed to review affidavits and other evidence relating to his cognitive difficulties, we

2

presume that the BIA reviewed all the evidence. *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006). Moreover, the affidavits are cumulative of the objective medical evidence indicating a head injury causing memory problems, an inability to effectively communicate, and hearing impairment. The BIA expressly considered that evidence but nevertheless denied equitable tolling on the basis of the evidence that he "understood the import of the [BIA's] decision and subsequently consulted with attorneys regarding his legal options." The record supports that conclusion.

3. The BIA did not abuse its discretion in denying Portillo-Hercules' motion to reopen based on changed country conditions. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229–30 (9th Cir. 2016). To prevail, Portillo-Hercules had to offer new and material evidence that establishes prima facie eligibility to the relief sought. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010).

In support of his claims to asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), Portillo-Hercules offered new evidence of increased crime in El Salvador and that gang members threatened his wife and son and killed his brother. However, only speculation supports that gang members targeted Portillo-Hercules' wife, son, and brother for their ties to the Portillo family. *See Maroufi v. I.N.S.*, 772 F.2d 597, 599–600 (9th Cir. 1985). Indeed, the gang members' threats against his wife and son began only after the son refused to

3

join their gang. Thus, Portillo-Hercules showed—at most—that his wife, son, and brother were victims of seemingly random, indiscriminate crime, which does not support entitlement to any relief sought. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (per curiam). Further, the BIA did not err in concluding that the evidence of increased crime is not material to Portillo-Hercules' claims because it does not support a showing of persecution for asylum or withholding of removal and is not particularized for CAT relief. *See Ramirez-Munoz*, 816 F.3d at 1229–30; *Najmabadi*, 597 F.3d at 990. The BIA did not err in finding Portillo-Hercules failed to establish changed country conditions.

**PETITION DENIED.**