**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSALVA MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>PAMELA J. BONDI, Attorney General,<br><br>Respondent. | No. 22-1151<br><br>Agency No.<br>A073-935-679<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 23, 2025[**]

Before: OWENS and FLETCHER, Circuit Judges, and SCHREIER,[***] District
Judge.

Rosalva Martinez, a native and citizen of Guatemala, petitions this Court to

review the Board of Immigration Appeals' (BIA) denial of her motion to reopen.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Karen E. Schreier, United States District Judge for the
District of South Dakota, sitting by designation.

The BIA declined to reopen Martinez's case to challenge her 1995 in absentia deportation order because Martinez failed to exercise the reasonable diligence necessary to toll the 180-day limitations period for filing motions to reopen. Having jurisdiction under 8 U.S.C. § 1252(a), we deny Martinez's petition. *See Perez-Camacho v. Garland*, 54 F.4th 597, 603 (9th Cir. 2022).

"We review for abuse of discretion the [BIA's] denial of a motion to reopen," *Sanchez Rosales v. Barr*, 980 F.3d 716, 719 (9th Cir. 2020), reversing only if the decision was "arbitrary, irrational, or contrary to law," *Greenwood v. Garland*, 36 F.4th 1232, 1235 (9th Cir. 2022). The BIA and this court must "accept as true the facts stated in [petitioner's] affidavit in ruling upon [her] motion to reopen unless [we find] those facts to be inherently unbelievable." *Ghahremani v. Gonzales*, 498 F.3d 993, 999 (9th Cir. 2007) (quoting *Maroufi v. INS*, 772 F.2d 597, 600 (9th Cir. 1985)).[1] "Motions for reopening of immigration proceedings are disfavored[.]" *Cui v. Garland*, 13 F.4th 991, 995 (9th Cir. 2021) (quotation omitted).

Acknowledging that her motion to reopen was untimely,[2] Martinez argues

---

[1] The BIA did not find, nor do we, that Martinez's statements in her affidavit were inherently unbelievable, and thus, we accept the factual allegations in her affidavit as true. *See Ghahremani*, 498 F.3d at 999.

[2] When the Immigration Judge ordered Martinez removed in absentia on October 2, 1995, Martinez had 180 days to file a motion to reopen deportation proceedings. *See* 8 U.S.C. § 1252(c)(3)(A) (1994) (repealed 1997, and recodified, as amended,

the BIA abused its discretion by not equitably tolling her deadline. A deadline to file a motion to reopen a case may be equitably tolled when a noncitizen is "prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria v. I.N.S.*, 321 F.3d 889, 897 (9th Cir. 2003). Factors relevant to this determination include "[(1)] if (and when) a reasonable person in petitioner's position would suspect the specific fraud or error underlying her motion to reopen. . . . [And (2)] whether petitioner took reasonable steps to investigate the suspected fraud or error." *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011).

Here, the BIA reasonably found that Martinez failed to demonstrate she acted with due diligence. In her petition for review, Martinez states that "[a]fter [Martinez] discovered that she had been lied to and defrauded by Mr. Lemus[,] who was not an attorney, she diligently filed her motion to reopen with the Immigration Court." But Martinez did not submit any evidence demonstrating that she took any "reasonable efforts to pursue relief" during the 23 years between her deportation order and her motion to reopen. *Id.* Furthermore, Martinez does not explain what prompted her to seek a new lawyer's advice, nor does she explain how long after talking to counsel she waited until filing her motion to reopen in

---

at 8 U.S.C. § 1229a(b)(5)(C)). Martinez filed her motion to reopen on October 26, 2018, nearly 23 years after her 180-day deadline had passed.

2018. Martinez's sole contention is that she acted "diligently," but without a specific factual basis to support her claim, the BIA did not abuse its discretion in finding that Martinez failed to show she acted with due diligence.

Here, the record does not indicate how long Martinez waited to inquire into her case or how Martinez discovered Lemus lied to her. Martinez has also failed to show she acted swiftly in filing her motion to reopen after discovering Lemus's lie. And the lack of evidence that Martinez maintained a meaningful or sustained relationship with Lemus undermines the reasonableness of Martinez's continued reliance on Lemus's advice over the course of 23 years. *See Bonilla v. Lynch*, 840 F.3d 575, 583 (9th Cir. 2016) (holding petitioner failed to exercise due diligence where he relied on advice from a pro bono attorney, with whom he did not maintain a continued relationship, for over six years before seeking new legal advice). Thus, the BIA did not abuse its discretion in denying Martinez's request to equitably toll the deadline in which she had to file her motion to reopen.

The temporary stay of removal remains in place until the mandate issues.

**PETITION DENIED.**