**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NARCISO AQUINO-CAMIRO, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | Nos. 21-70602, 22-417 Agency No. A092-668-321 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2023**
San Francisco, California

Before: SILER,*** WARDLAW, and M. SMITH, Circuit Judges.

Narciso Aquino-Camiro, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' (BIA) 2021 dismissal of his application for,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

*inter alia*, adjustment of status, withholding of removal, and relief pursuant to the Convention Against Torture (2021 decision). He also petitions for review of the BIA's 2022 denial of his motion to reopen (2022 decision). The relevant standards of review are well-established, and the parties' familiarity with the briefing and record is assumed. We have jurisdiction under 8 U.S.C. § 1252, and we dismiss in part and deny in part the petitions.

1. Aquino-Camiro appeals the 2022 decision denying his motion to reopen to seek cancellation of removal, which the BIA denied as an exercise of its discretion. *See INS v. Abudu*, 485 U.S. 94, 104–06 (1988). We generally lack jurisdiction to review this discretionary decision, except insofar as the petitioner raises a colorable legal or constitutional claim. 8 U.S.C. §§ 1252(a)(2)(B)(i), (a)(2)(D); *see Mendez-Castro v. Mukasey*, 552 F.3d 975, 978–80 (9th Cir. 2009); *see also Fernandez v. Gonzalez*, 439 F.3d 592, 603 (9th Cir. 2006) (finding our court lacked jurisdiction to review motion to reopen based on the merits of a "previously-made discretionary determination").

Here, Aquino-Camiro argues that the BIA violated his due process rights by failing to properly consider the evidence he submitted with his motion to reopen. A due process violation occurs in an immigration proceeding when (1) the proceeding was so fundamentally unfair that the petitioner was prevented from reasonably presenting his case, and (2) the petitioner demonstrates prejudice. *See Vilchez v.*

2

*Holder*, 682 F.3d 1195, 1199 (9th Cir. 2012). While we presume that the BIA reviewed all the relevant evidence before it, a petitioner can show that the proceedings were fundamentally unfair if he overcomes that presumption. *Larita-Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000); *see Vilchez*, 682 F.3d at 1198 ("[D]ue process requires the IJ to consider the relevant evidence.").

However, Aquino-Camiro does not challenge the presumption the BIA considered all the evidence; rather, he argues it "*did not give proper weight* to the evidence submitted" (emphasis added). "[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction." *Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). Specifically, the argument that the BIA failed to properly weigh the evidence does not state a colorable due process claim. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012); *Mendez-Castro*, 552 F.3d at 978–80. Therefore, we lack jurisdiction to review the 2022 decision.

2.      Aquino-Camiro also appeals the portion of the BIA's 2021 decision affirming the Immigration Judge's (IJ) denial of a waiver of inadmissibility pursuant to 8 U.S.C. § 1182(h). But, again, we lack jurisdiction to review this discretionary determination, except as to colorable constitutional or legal claims. *Mejia v. Gonzales*, 499 F.3d 991, 999 (9th Cir. 2007) (explaining that the court lacks

3

jurisdiction over "BIA's decision under [8 U.S.C. § 1182](h), unless the petition raises a cognizable legal or constitutional question concerning that determination"). We need not assess Aquino-Camiro's argument that the BIA abused its discretion by affirming the IJ's hardship determination because the Agency's independently dispositive discretionary determination itself is unreviewable. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.") (quoting *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976)).

However, Aquino-Camiro also argues that the BIA's decision violated his due process rights by ignoring portions of the evidence pertaining to his schizophrenia as a part of the discretionary analysis. This argument fails because the BIA explicitly references considering the evidence in the record pertaining to Aquino-Camiro's mental illness as a part of its discretionary analysis. To the extent that Aquino-Camiro asks the court to reweigh the evidence, we lack the jurisdiction to do so. *Vilchiz-Soto*, 688 F.3d at 644; *Mendez-Castro*, 552 F.3d at 978–80.

3. Substantial evidence supports the Agency's finding that Aquino-Camiro did not establish a "clear probability" of persecution if he were to return to Mexico. *See Guo v. Ashcroft*, 361 F.3d 1194, 1202–03 (9th Cir. 2004). While Aquino-Camiro directs us to evidence of problems with mental health services in Mexico, this does not compel the finding that he would be persecuted. *See Mendoza-*

4

*Alvarez v. Holder*, 714 F.3d 1161, 1165 n.2 (9th Cir. 2013) ("'The lack of access to mental health treatment alone, however, does not create a well-founded fear of persecution.'" (citation omitted)). Nor does the evidence indicating that his psychiatric condition would likely worsen if removed to Mexico require us to find that persecution is likely. This is especially so in light of the evidence the agency considered regarding mental health treatment reforms in Mexico and testimony in the record concerning Aquino-Camiro's family support. We also agree with the Agency that Aquino-Camiro's fear that he would be unable to access medication, treatment, or housing is speculative. *See Kaveh-Haghigy v. INS*, 783 F.2d 1321, 1323 (9th Cir. 1986) ("[P]etitioners cannot rely on speculative conclusions or vague assertions." (internal quotation marks and citation omitted)).

4. Finally, substantial evidence supports the conclusion that Aquino-Camiro is not eligible for protection under the Convention Against Torture (CAT) because he failed to show that it is more likely than not that he would be tortured if returned to Mexico. *See Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009); *see Villegas v. Mukasey*, 523 F.3d 984, 989 (9th Cir. 2008) (finding conditions of mental health system in Mexico did not warrant relief under the CAT).

**DISMISSED IN PART AND DENIED IN PART.**